583 A.2d 1234

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Ronald J. LEHR, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 1, 1990.

Filed Dec. 27, 1990.

Ronald J. Lehr, pro se.

William H. Platt, Dist. Atty., Allentown, for Com.

Before CAVANAUGH, HUDOCK and HESTER, JJ.

HUDOCK, Judge:

At the conclusion of a jury trial, the appellant was found guilty of homicide by vehicle while under the influence, homicide by vehicle, two counts of driving under the influence, and a related summary offense. Timely filed post-verdict motions were denied and the appellant was sentenced to three to seven years imprisonment for the homicide by vehicle charge; a consecutive sentence of ninety days to twenty-three months was imposed on the driving under the influence charges. A timely filed motion seeking reconsideration of sentence was denied. No direct appeal was taken from the judgment of sentence. Thereafter, the appellant filed a petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541, *et seq.*[1] Relief was denied after an evidentiary hearing was held on the appellant's petition. This appeal followed.

Instantly, the appellant presents the following fourteen issues for our review:

1. Defendant was improperly sentenced on both the charge of homicide by vehicle while under the Influence[sic] of Alcohol and consecutive sentence for Driving under the Influence of Alcohol.

2. The court allowed testimony as to the use of Vascar without certification of the police officer and the police

---

1. The appellant's trial counsel was granted leave to withdraw after post-verdict motions were filed, but prior to the court *en banc* denying the same. Sentencing counsel was replaced by PCRA counsel. The appellant appears before this Court *pro se.*

officer testified that the higest[sic] speed on his speedometer, when floored, which was relevant.

3. The Court allowed the use of a video sobriety test which included oral testimony to which the defendant had not consented.

4. the[sic] Court improperly admitted evidence concerning the testing by the Laboratory of the defendant!s[sic] blood alcohol content. the[sic] laboratory was not approved until February 1986, after the accident from which stemmed the charges against the defendant.

5. The court improperly allowed expert opinion that the defendant!s[sic] vehicle was the sole cause of the accident, by allowing the expert to testify as he did concerning which vehicle was the sole cause of the accident.

6. Defense Counsel failed to ask the expert about the oil and marks upon the road way[sic] on cross examination.[sic]

7. The Court erred in refusing to allow accident[sic] report to be viewed by the Jury.

8. At the supression [sic] hearing, defense counsel never introduced the mirror and post to show the state of defendant!s[sic] consciousness based on his Injuries[sic].

9. The attorney for the defendant never explained possible sentences or any plea bargain offers to the defendant.

10. Trial counsel failed to interview or call Dr. Rohbach as a witness although requested to do so by the defendant.

11. Defense counse,[sic] although requested, failed to call Llyod[sic] Ohl to testify concerning damages to the vehicle and chacter[sic] of the victim.

12. Defendant was threatened by his own attorney that if Mr. Ohl were called to testify as to the chacater[sic] of the victim the prosecution would bring in Mrs[.] Miller concerning the defendant!s[sic] drinking habits.

13. Counsel for the defendant failed to file complete post-trial motions.

14. Counsel for the defendant failed to appeal to the Superior Court.

Brief for appellant, at "D". We begin our analysis with the last issue raised by the appellant, the failure of counsel to appeal his conviction.

To be eligible for relief under the PCRA, the petitioner must plead and prove:

(3) That the allegation of error has not been previously litigated and one of the following applies:

(i) The allegation of error has not been waived.

(ii) If the allegation of error has been waived, the alleged error has resulted in the conviction or affirmance of sentence of an innocent individual.

(iii) If the allegation of error has been waived, the waiver of the allegation of error during pretrial, trial, post-trial or direct appeal proceedings does not constitute a State procedural default barring Federal habeas corpus relief.

42 Pa.C.S.A. § 9543(a)(3).

■ Ordinarily, absent extraordinary circumstances, the failure to file a direct appeal from a judgment of sentence amounts to waiver of any claim which could have been raised in such an appeal, thereby precluding collateral relief. Now, in an attempt to circumvent the consequences of his failure to appeal from the judgment of sentence imposed upon him, the appellant alleges that counsel was ineffective for failing to file and pursue a direct appeal. To successfully avoid a finding of waiver, the appellant "must prove that he requested an appeal and that counsel disregarded the request." *Commonwealth v. Hudson*, 336 Pa.Super. 174, 178, 485 A.2d 487, 489 (1984).

■ At the evidentiary hearing, the appellant testified that following the sentencing proceeding stemming from his motion for reconsideration, he specifically requested counsel to file an appeal. This was contradicted by sentencing counsel who testified that after sentence was imposed, he inquired of the appellant whether or not he wanted to

appeal.[2] The appellant replied in the negative. Despite this, sentencing counsel filed a motion seeking reconsideration of sentence which was ultimately denied without a hearing. Subsequent to sentencing, counsel received two letters from the appellant; neither letter requested an appeal. The PCRA court, apparently crediting counsel's testimony, concluded that "[t]here is simply no basis to fault [counsel]." (PCRA Court opinion, at 10.) Matters of credibility are vested in the sound discretion of the trier of fact, in this case the PCRA court. We will not attempt to re-evaluate such matters on appeal. Thus, because the appellant has failed in meeting his burden of showing that he requested an appeal and that counsel disregarded the request, the issues presented instantly, with the exception of the first issue, are deemed waived.

The first issue raised by the appellant concerns the propriety of his sentence, which we view as concerning the legality of the sentence. The legality of a sentence is a matter which cannot be waived. Indeed, if a person pleads and proves that their sentence resulted from the imposition of a sentence greater than the lawful maximum, they are eligible for relief under the terms of the PCRA. 42 Pa.C. S.A. § 9543(a)(2)(vii). In *Commonwealth v. Voshall*, 387 Pa.Super. 47, 563 A.2d 936 (1989), *allocatur granted*, 525 Pa. 599, 575 A.2d 565 (1990), this Court found that the offense of driving under the influence merged with the crime of homicide by vehicle while driving under the influence. In light of this decision, we find the appellant is eligible for post-conviction relief. Accordingly, it is necessary to vacate only the judgment of sentence imposed for driving under the influence (ninety days to twenty-three months).

The order is reversed in part and affirmed in part. The judgment of sentence imposed for driving under the influence only is vacated. Jurisdiction is relinquished.

2. Counsel also testified that prior to the sentencing proceeding, he and the appellant discussed the applicable mandatory sentence and the avenues of appeal that would be available following imposition of sentence.