674 A.2d 253

**COMMONWEALTH of Pennsylvania,**

v.

**Troy WHITE, Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 5, 1996.

Filed March 20, 1996.

Troy White, pro se.

Peter J. Gardner, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before McEWEN, President Judge, JOHNSON, J., and CERCONE, President Judge Emeritus.

CERCONE, President Judge Emeritus:

This is a *pro se* appeal from an order of court denying appellant Troy White's petition for relief filed pursuant to the Post Conviction Relief Act (PCRA). 42 Pa.C.S.A. § 9541 *et seq.* We vacate and remand for proceedings consistent with this memorandum.

The PCRA court has provided us with a summary of the underlying facts of this case:

[A]t approximately 7:00 A.M. on June 6, 1991, [appellant] and an accomplice named Tyrone held siblings Debbie and Glenn Chisolm at gunpoint inside the Chisolms' home. [Appellant] then went through the Chisolms' residence, searching for items to steal. Debbie Chisolm knew the [appellant] for over ten years and gave police his name and his description. A police officer also knew the [appellant] and spotted him a short time later. When the officer approached the [appellant], he immediately fled. [Appellant] then ran to the home of Gwendolyn Green and her family, where he shimmied up a drain pipe and entered a window without permission. Once inside, Chris Green, Mrs. Green's son, saw [appellant] and a struggle ensued. Police entered the home and arrested [appellant].

Trial court opinion dated April 12, 1995 at 1–2.

A jury found appellant guilty of robbery,[1] carrying firearms on public streets or public property,[2] burglary[3] and criminal conspiracy.[4] After denying post-verdict motions, the trial court, on August 28, 1992, sentenced appellant to an aggregate

1. 18 Pa.C.S.A. § 3701.
2. *Id.* § 6108.
3. *Id.* § 3502.
4. *Id.* § 903.

term of incarceration of not less than ten (10) nor more than twenty (20) years. Appellant did not file a direct appeal.

On October 18, 1993, appellant filed a *pro se* petition for post-conviction relief and the post-conviction court appointed Robert Fulton, Esquire to represent him. Appointed counsel, on January 31, 1995, filed a "no-merit" letter. On March 7, 1995, the lower court concluded that the PCRA petition was without arguable merit, dismissed the petition, and granted appointed counsel's petition to withdraw.

In this appeal, appellant claims that PCRA counsel rendered ineffective assistance by filing a "no-merit" letter despite the presence of claims of arguable merit in the underlying PCRA petition. Specifically, appellant argues that trial counsel denied him his constitutional right to file a direct appeal and that PCRA counsel rendered ineffective assistance by failing to raise that claim in an amended PCRA petition. Because appellant, if successful on this issue, will be awarded a direct appeal *nunc pro tunc* and because a direct appeal is subject to a standard of review different from the standard governing our review of the denial of a PCRA petition, we decline to address the remaining issues currently raised by appellant.[5]

When examining a post-conviction court's grant or denial of relief, we are limited to determining whether the court's findings were supported by the record and the court's order is otherwise free of legal error. *Commonwealth v. Granberry*, 434 Pa.Super. 524, 530, 644 A.2d 204, 207 (1994). We will not disturb findings which are supported by the record. *Id.* Before reaching the merits of appellant's claim, we must ascertain whether appellant is eligible for relief under the PCRA.

5. In the instant appeal, appellant also claims that trial counsel improperly advised him of his appellate rights and that PCRA counsel was ineffective in failing to raise that claim. Further, appellant maintains that PCRA counsel was ineffective for failing to contest appellant's conviction for carrying a firearm without a license. In addition, appellant argues that the post-conviction court erred in failing to appoint new counsel after granting original PCRA counsel's petition to withdraw.

As stated, appellant has been convicted of a crime under the laws of this Commonwealth and is currently serving a sentence of imprisonment. 42 Pa.C.S.A. § 9543(a)(1)(i). Based on our review of the record, we conclude that the challenge to trial counsel's denial of appellant's direct appeal rights has not been previously litigated. *Id.* § 9543(a)(3). We must next consider whether the allegation of error has been waived. By failing to raise trial counsel's alleged denial of appellant's right of appeal in an amended PCRA petition, appointed counsel waived that issue. Nevertheless, "an allegation of ineffectiveness of counsel in failing to preserve an issue is sufficient to overcome waiver under section 9543(a)(3)(iii) of the PCRA when the proceedings involves [sic] a petitioner's first PCRA petition." *Commonwealth v. Eaddy,* 419 Pa.Super. 48, 58, 614 A.2d 1203, 1207 (1992), *appeal denied,* 534 Pa. 636, 626 A.2d 1155 (1993). Because appellant has couched the appellate rights issue in terms of ineffectiveness of PCRA counsel, we will treat the issue as not waived and determine whether it is cognizable under the PCRA.

According to appellant, PCRA counsel rendered ineffective assistance by filing a "no-merit" letter despite the presence of an issue of arguable merit in the PCRA petition. Specifically, in the original *pro se* petition for post-conviction relief, appellant averred that trial counsel ignored his request to file an appeal. Appellant characterizes this inaction as a violation of his constitutional right to a direct appeal. Brief of Appellant at 7. Therefore, appellant raises a claim cognizable under the PCRA. 42 Pa.C.S.A. § 9543(a)(2)(v). *See Commonwealth v. Hickman,* 434 Pa.Super. 633, 635, 644 A.2d 787, 788 (1994) (allegation that trial counsel was ineffective for failing to file a direct appeal as requested, thereby violating appellant's constitutional right to a direct appeal, deemed cognizable under section 9543(a)(2)(v) of the PCRA).

Despite the presence of this arguably meritorious issue, appointed counsel filed a "no-merit" letter and sought permission to withdraw. If counsel for a criminal defendant, exercising professional judgment, determines that the issues

raised in collateral proceedings are meritless, and if the post-conviction court concurs, counsel will be permitted to withdraw. *Commonwealth v. Bishop,* 435 Pa.Super. 211, 214, 645 A.2d 274, 275 (1994); *Commonwealth v. Turner,* 518 Pa. 491, 494, 544 A.2d 927, 928–29 (1988); *Commonwealth v. Finley,* 379 Pa.Super. 390, 393, 550 A.2d 213, 215 (1988). The petitioner may then proceed *pro se,* or by privately retained counsel, or not at all. *Bishop,* 435 Pa.Super. at 214, 645 A.2d at 275. Before a post-conviction court may grant such a request to withdraw, counsel must file a "no-merit" letter detailing the nature and extent of review and listing each issue which the petitioner wished to raise. *Id.* at 214–15, 645 A.2d at 275–76. Counsel must also explain why those issues lack merit. *Id.* The post-conviction court then conducts an independent judicial determination as to whether the various issues support a grant of relief. *Id.* The assessment of the PCRA court is subject to appellate scrutiny to ensure compliance with the constraints imposed by *Turner. Commonwealth v. Mosteller,* 430 Pa.Super. 57, 61, 633 A.2d 615, 617 (1993).

██ In this case, appointed counsel explained in his "no-merit" letter that he had reviewed the record, including transcripts of the proceedings, interviewed trial counsel and contacted petitioner regarding potential claims and prospective witnesses. Further, counsel listed each of the issues raised in appellant's *pro se* petition, including the claimed denial of appellant's right of appeal. In explaining why this issue lacked merit, post-conviction counsel relied on trial counsel's representations: "[Appellant] never communicated his desire to have an appeal taken from the issues of his trial and/or sentencing." *Finley* Letter at 2. Appointed counsel does not claim to have obtained either written or oral confirmation from appellant. Nor does he address appellant's allegation to the contrary. Moreover, he did not petition the PCRA court to resolve this credibility dispute through an evidentiary hearing.

██ We acknowledge that the right to an evidentiary hearing is not absolute. *Granberry, supra,* 434 Pa.Super. at

532, 644 A.2d at 208. Nevertheless, a hearing may only be denied if a petitioner's claim is patently frivolous and without a trace of support either in the record or from other evidence. *Id.* Further, a post-conviction petition may not be summarily dismissed as "patently frivolous" when the facts alleged in the petition, if proven, would entitled the petitioner to relief. *Id.*

As set forth above, appellant's claim that trial counsel ignored his request for an appeal from the judgment of sentence is not without record support. If trial counsel did in fact disregard appellant's request to pursue a direct appeal, then appellant would be entitled to relief, *i.e.,* a direct appeal *nunc pro tunc. See Hickman, supra,* 434 Pa.Super. at 635, 644 A.2d at 788 (trial court erred in denying PCRA petition without a hearing when petitioner had alleged that trial counsel was ineffective for failing to file a motion to reconsider sentence and a direct appeal; petitioner's averments, if true, would entitle him to direct appeal *nunc pro tunc* ); *Commonwealth v. Mosteller,* 430 Pa.Super. at 62, 633 A.2d at 618 (when a defendant establishes that counsel's ineffectiveness denied him *entirely* his right to a direct appeal, he is entitled to a direct appeal *nunc pro tunc* without regard to his ability to establish the merit of the issues which he seeks to raise on direct appeal). Consequently, the post-conviction court erred in relying on appointed counsel's "no-merit" letter and dismissing, without a hearing, appellant's PCRA petition.

Despite the Commonwealth's claim to the contrary, this court's holding in *Commonwealth v. Lehr,* 400 Pa.Super. 514, 583 A.2d 1234 (1990) does not mandate a contrary result. In *Lehr,* appellant charged trial counsel with ineffectiveness for failing to file a direct appeal from the judgment of sentence. The PCRA court conducted an evidentiary hearing to ascertain whether appellant had ever requested an appeal. At the conclusion of that hearing, the post-conviction court, crediting trial counsel's testimony, found that appellant had not shown that he requested an appeal and that counsel disregarded such request. This court affirmed the trial court's conclusion after noting the standard governing our review of a factfinder's credibility determinations. *Id.* at 517–18, 583 A.2d at 1235–36.

The PCRA court in this case did not conduct an evidentiary hearing. Rather, it relied entirely on the credibility assessment provided by appointed counsel in his *Finley* letter.

Based on the foregoing, we vacate the order and remand to the PCRA court for an evidentiary hearing to determine whether prior counsel deprived appellant of his constitutional right to a direct appeal. Because the PCRA court erred in summarily dismissing the claim on the basis of a "no-merit" letter which failed to comply with the mandates of *Finley,* we further direct that new counsel be appointed to represent appellant at that hearing. If the PCRA court determines that appellant was denied his right to a direct appeal, appellant will be permitted to appeal *nunc pro tunc.* Should the PCRA court determine, after a hearing, that appellant was not denied his direct appeal rights, it may reissue its order denying appellant's petition for PCRA relief. Appellant may thereafter appeal from that dismissal and potentially provide this court with an opportunity to address the remaining issues raised in the instant PCRA.[6] We stress that, for purposes of appellate review, such an appeal would not be an appeal from a second or serial PCRA petition but rather a second appeal from the denial of appellant's first petition.

Order vacated. Case remanded for appointment of counsel and for an evidentiary hearing to determine whether prior

---

**6.** We caution appellant that *pro se* claimants are not relieved of the duty to properly raise and develop appealable claims. *Smathers v. Smathers,* 448 Pa.Super. 162, 670 A.2d 1159 (1996). *See also Commonwealth v. Sanford,* 299 Pa.Super. 64, 67, 445 A.2d 149, 150 (1982) (when issues are not properly raised and developed in briefs and when the briefs are wholly inadequate to present specific issues for review, a court will not consider the merits of those issues). For example, claims of ineffective assistance of counsel under the PCRA which are not raised at the earliest stage in the proceedings at which allegedly ineffective counsel is no longer representing claimant are waived. As such, prior counsel's alleged ineffectiveness in failing to provide the reviewing court with a transcript of contested voir dire proceedings will not excuse *pro se* appellant's failure to supply the reviewing court with a transcript of the proceedings or a statement in absence of transcript. 42 Pa.R.A.P. 1923, 42 Pa.C.S.A.

counsel deprived appellant of his constitutional right to a direct appeal. Jurisdiction relinquished.