688 A.2d 1172

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**J.B. BOYD, Appellant.**

Supreme Court of Pennsylvania.

Argued March 6, 1996.

Decided Jan. 23, 1997.

112

Edward J. Hatheway, Meadville, for J.B. Boyd.

John Dawson, J. Wesley Rowden, Francis J. Schultz, Meadville, for the Com.

Before FLAHERTY, ZAPPALA, CAPPY, CASTILLE, NIGRO and NEWMAN, JJ.

## *OPINION*

NIGRO, Justice.

J.B. Boyd appeals the denial of his claims under the Post Conviction Relief Act, 42 Pa. Cons.Stat. §§ 9541–9546 ("PCRA"). Boyd asserts that his trial counsel was ineffective for advising him to reject the prosecution's plea offer and for advising him not to testify at trial. We find that the Superior Court erred in holding that Boyd's claim that his counsel improperly advised him to reject the plea offer is not cognizable under the PCRA. However, we affirm the lower court's decision that Boyd is not entitled to a new trial.

J.B. Boyd was socializing with his former girlfriend, D.J. Thrush, at a nightclub. Herbert Jolly, another man who had a relationship with Thrush, saw Boyd and Thrush together and followed them back to Thrush's apartment. Jolly entered the apartment that he had shared with Thrush and found Boyd and Thrush in bed together. Boyd ordered Jolly out of the apartment. The two men began to fight and Boyd stabbed Jolly many times. Jolly ran to another apartment and the man who lived there took Jolly to the hospital.

The police questioned Jolly at the hospital about the incident. The police went to Thrush's apartment and observed Boyd's and Thrush's wounds and recovered a bloody knife as evidence. Upon learning that the blood on the knife matched

Jolly's blood, the police arrested Boyd and charged him with aggravated assault and recklessly endangering another person.

Boyd's counsel argued at trial that Boyd stabbed Jolly in self-defense and emphasized Boyd's own wounds in support. Jolly testified that he did not bring a knife to the apartment and that Boyd attacked him when his back was turned. Boyd did not testify. Boyd's counsel argued that Jolly's testimony was incredible and inconsistent with his testimony at the preliminary hearing. He also asserted that the laboratory results on blood from the knife were unreliable.

During the trial, the prosecution offered Boyd a plea to the misdemeanor, simple assault mutual combat. Boyd rejected the plea offer. The jury convicted Boyd of aggravated assault and reckless endangerment and the court sentenced him to four to eight years imprisonment. Boyd appealed and the Superior Court affirmed. We denied Boyd's petition for allowance of appeal. Boyd then filed a *pro se* petition for postconviction relief. His appointed PCRA counsel filed an amended petition claiming that trial counsel was ineffective for advising him to reject the prosecution's plea offer and for advising him not to testify at trial.

Following an evidentiary hearing, the court found that Boyd's counsel reasonably believed that Boyd could prevail at trial and that he was motivated only by his client's interests when he advised Boyd to reject the plea offer. The court also held that Boyd's counsel acted reasonably in advising him not to testify at trial.

On appeal, the Superior Court held that Boyd's claim that his counsel was ineffective for advising him to reject the plea offer was not cognizable under the PCRA because it did not implicate the truth-determining process. The Superior Court also found that Boyd's counsel acted reasonably in advising him not to testify at trial.

The Superior Court erred in holding that Boyd's claim that his counsel was ineffective for advising him to reject the plea offer is not cognizable under the PCRA. While the

Superior Court correctly recognized that ineffective assistance of counsel claims under PCRA section 9543(a)(2)(ii) require that counsel's conduct undermine the truth-determining process,[1] *see Commonwealth v. Buehl*, 540 Pa. 493, 505, 658 A.2d 771, 777 (1995), it failed to consider that ineffective assistance claims that do not implicate the truth-determining process but involve certain constitutional or statutory violations are also cognizable under the PCRA. Under PCRA section 9543(a)(2)(v), relief is available to persons who are convicted or sentenced as a result of a violation of the provisions of the Constitution, law or treaties of the United States which would require the granting of federal habeas corpus to a state prisoner. 42 Pa. Cons.Stat. § 9543(a)(2)(v).[2] An ineffective assistance claim, for example, that counsel ignored a request to file a direct appeal is thus cognizable even though the claim does not implicate the truth-determining process. *Commonwealth v. White*, 449 Pa.Super. 386, 391, 674 A.2d 253, 256 (1996).

The Superior Court has held that a claim that counsel was ineffective for failing to communicate a plea offer to his client is cognizable under the PCRA. *Commonwealth v. Korb*, 421 Pa.Super. 44, 49, 617 A.2d 715, 717 (1992). While counsel's failure to tell his client about the offer would not have affected the truth-determining process, the Superior Court found that such a failure would deny the defendant his constitutional rights. *Id.* Because the defendant would be entitled to relief in a federal habeas corpus action for such a violation, he stated a claim under PCRA section 9543(a)(2)(v). *Id.* at 50, 617 A.2d at 718. The reasoning in *Korb* applies here.

 Boyd argues that his counsel was ineffective for advising him to reject the prosecution's plea offer. In addition to

1. The PCRA affords relief to a person who was convicted as a result of "ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa. Cons.Stat. § 9543(a)(2)(ii).

2. Appellant filed his PCRA petition before the 1995 amendments to the Act became effective in January of 1996. Therefore, former PCRA section 9543(a)(2)(v) applies to this case.

telling a client about a plea offer, counsel has a duty to explain the advantages and disadvantages of accepting or rejecting it. *Commonwealth v. Copeland*, 381 Pa.Super. 382, 394–96, 554 A.2d 54, 60–1 (1988)(quoting *Commonwealth v. Napper*, 254 Pa.Super. 54, 60–1, 385 A.2d 521, 524 (1978)), *appeal denied*, 523 Pa. 640, 565 A.2d 1165 (1989). A defendant cannot make an informed choice without such assistance from counsel. *Id.* Just as a defendant's constitutional right to effective assistance of counsel may be violated when counsel fails to communicate a tendered plea, that right may be violated by a failure to properly explain the advantages and disadvantages of accepting or rejecting a plea offer. *See United States ex rel. Caruso v. Zelinsky*, 689 F.2d 435 (3rd Cir.1982)(stating that the decision to reject a plea offer is a critical stage at which the right to effective assistance of counsel attaches).

Counsel's ineffective assistance with respect to a plea bargain would require the grant of federal habeas corpus relief to a state prisoner. *See, e.g., Turner v. State of Tennessee*, 858 F.2d 1201 (6th Cir.1988)(habeas corpus granted where petitioner was denied effective assistance when counsel advised him to reject a plea offer); *Zelinsky*, 689 F.2d 435 (ineffective assistance claim for failure to communicate a plea offer is cognizable under habeas corpus statute); *Beckham v. Wainwright*, 639 F.2d 262 (5th Cir.1981)(habeas corpus granted where petitioner was denied effective assistance when counsel advised him to withdraw plea). Boyd's claim is thus cognizable under PCRA section 9543(a)(2)(v).

■ While Boyd's claim is cognizable under the PCRA, we agree with the trial court that Boyd failed to prove that he is entitled to a new trial. To establish that counsel was ineffective for advising him to reject the plea, a defendant has the burden of proving that counsel had no reasonable basis for his advice. *See Copeland*, 381 Pa.Super. 382, 554 A.2d 54 (setting forth defendant's burden of proof to establish counsel's ineffectiveness for failing to communicate a plea).

■ At the post-conviction hearing, Boyd's counsel testified that he conveyed the plea offer to Boyd and told him that the

misdemeanor to which he could plead guilty carried a maximum sentence of six months to one year. While Boyd was interested in the bargain, his counsel discouraged him from taking it. Boyd's counsel felt that no jury would convict Boyd because Jolly was a poor witness. His testimony was inconsistent and he admitted to perjury on the witness stand. Boyd's counsel felt there was reasonable doubt as to who owned the knife that caused Jolly's wounds. He explained to Boyd, however, that the final decision as to whether to accept the plea was his.

Based upon this testimony, the trial court found that counsel reasonably believed that he had a good chance of prevailing at trial, that there was no indication that counsel was motivated by interests other than his client's and that counsel discussed the offer with Boyd and rendered honest advice. *Compare Napper*, 254 Pa.Super. 54, 385 A.2d 521 (counsel did not advise his client to accept a favorable plea so that he could try his first case). We agree that counsel provided a reasonable basis for his advice to Boyd and hold that counsel was not ineffective for advising Boyd to reject the plea offer.

Boyd also argues that counsel was ineffective for advising him not to testify. He contends that if he testified, he could have disputed Jolly's testimony and supported the theory that he acted in self-defense. In order to establish that counsel was ineffective for advising against testifying, a defendant must show that counsel interfered with his freedom to testify or gave him advice that was so unreasonable that it vitiated his knowing and intelligent decision not to testify on his own behalf. *Commonwealth v. Fowler*, 362 Pa.Super. 81, 87, 523 A.2d 784, 787, *appeal denied*, 517 Pa. 598, 535 A.2d 1056 (1987).

At the post-conviction hearing, Boyd's counsel testified about the conversation he had with Boyd concerning whether he would testify at trial. Boyd told his counsel that the knife involved in the fight belonged to him and that he struck Jolly with the knife. Given this information, Boyd's counsel believed that his testimony would undermine the argument that

Jolly resorted to deadly force first and Boyd acted in self-defense. Boyd's counsel was also concerned that the prosecution would raise Boyd's prior record. He thus advised Boyd not to testify and told him that Jolly's own contradictions would raise reasonable doubt in the minds of the jurors. Boyd's counsel also testified that he left the ultimate decision to Boyd. We agree with the lower courts that counsel's advice to Boyd was reasonable and that Boyd has not shown that his counsel interfered with his freedom to testify. We therefore reject both of Boyd's claims for relief under the PCRA.

The Superior Court erred in holding that Boyd's claim that his counsel was ineffective for advising him to reject a plea is not cognizable under the PCRA. However, Boyd failed to establish that his counsel did not have a reasonable basis for his advice with respect to the plea offer or for his advice not to testify at trial. Thus, Boyd is not entitled to a new trial.

CASTILLE, J., files a concurring and dissenting opinion in which NEWMAN, J., joins.

CASTILLE, Justice, concurring and dissenting.

I agree with the Majority that appellant's counsel was not ineffective. However, because I disagree with the Majority's conclusion that appellant's claim that his counsel was ineffective in advising him to reject a plea offer is cognizable under the Post-Conviction Relief Act (PCRA), I respectfully dissent.

Under 42 Pa.C.S. § 9543(a)(2)(v) of the PCRA, a claim was cognizable if the petitioner's conviction resulted from a "violation of the provisions of the Constitution, law or treaties of the United States which would require the granting of Federal habeas corpus relief to a State prisoner." In order to be entitled to federal habeas corpus relief based upon a claim of ineffective assistance of counsel under the applicable provisions of the federal constitution and laws, appellant must establish (1) that counsel's representation fell below an objective standard of reasonableness; and (2) that there is a reasonable probability that, but for the complained-of ineffective actions of counsel, the result of the proceeding would have

been different. *Hill v. Lockhart,* 474 U.S. 52, 57, 106 S.Ct. 366, 369–70, 88 L.Ed.2d 203 (1985). The Majority opinion does not address this two-part analysis, but instead bases its holding on *Commonwealth v. Korb,* 421 Pa.Super. 44, 617 A.2d 715 (1992), in which the Superior Court found that counsel was ineffective under Pennsylvania law for failing to advise his client that a plea offer had been made. However, there is a vast difference between that failure and the circumstances at hand, where counsel advised the client not to accept an offer based upon his professional opinion that the client would be acquitted because of the weakness of the prosecution's case.

Based upon the evidence elicited at appellant's trial, counsel had a reasonable basis for believing that appellant would be acquitted. Prior to trial, trial counsel had attempted to negotiate a guilty plea to a charge of simple assault by mutual combat, a third degree misdemeanor which carries a maximum sentence of one year imprisonment. 18 Pa.C.S. §§ 2701(b)(1), 1104(3). The Commonwealth did not agree to such a plea, and the case proceeded to trial. However, at trial the victim testified that he had committed perjury at the preliminary hearing. Immediately after the victim testified, the Commonwealth offered the same plea bargain which trial counsel had attempted to secure prior to trial. Given the credibility questions raised by the admission to perjury by the Commonwealth's key witness, as evidenced by the Commonwealth's change of heart regarding the earlier plea offer to a third degree misdemeanor, counsel certainly had a reasonable basis to believe the appellant would be acquitted. As the Majority acknowledges on page 7 of the slip opinion, this advice was reasonable.

Because it was reasonable to believe that a jury could have found appellant not guilty given the circumstances of this case, appellant has failed to prove that counsel's strategy fell below the standard such that he would be entitled to federal habeas corpus relief. Because the first prong of the *Lockhart* test is not met, this claim is not cognizable under the PCRA. Moreover, notwithstanding the allegations of ineffectiveness leveled against trial counsel, appellant would have still been convicted

had he accepted the plea offered to him. The only difference would have been the length of his possible maximum sentence. Since appellant fails to meet the second prong of the *Lockhart* test, this claim is not cognizable under the PCRA.

My research reveals only one case in which a federal court granted a writ of habeas corpus based solely on a claim that trial counsel's *advice* to reject a plea offer and to proceed to trial was ineffective. In *Turner v. Tennessee*, 858 F.2d 1201 (6th Cir.1988), *vacated on other grounds*, 492 U.S. 902, 109 S.Ct. 3208, 106 L.Ed.2d 559 (1989), petitioner's counsel prior to trial had the benefit of knowing the sentences of petitioner's two co-conspirators when he advised petitioner to reject a plea offer. One of petitioner's co-conspirator's had accepted a plea offer and had been sentenced to two years imprisonment, while the other had been convicted after trial and had received a sentence of seventy years imprisonment. Petitioner was offered the same plea agreement of two years imprisonment that the one co-conspirator received, but rejected it on counsel's advice. Petitioner was subsequently convicted and sentenced to a term of life plus eighty years imprisonment. The Sixth Circuit Court of Appeals found that counsel's advice was incompetent and affirmed the district court's order granting petitioner a federal writ of habeas corpus.

Factually, advising a client to reject a pre-trial plea offer which carries a substantially lighter sentence than that imposed on a coconspirator who has already been convicted and sentenced is not comparable to advising a client, based upon the attorney's reasonable professional opinion that a conviction was not likely, to reject a plea agreement offer made mid-trial after the victim had admitted perjuring himself. The mere fact that appellant was nevertheless convicted does not impact on trial counsel's effectiveness or the reasonableness of his advice. To so hold would be nothing more than, using the well-known sports metaphor, "Monday morning quarterbacking."

The Majority's reliance on *Beckham v. Wainwright*, 639 F.2d 262 (5th Cir.1981), is misplaced. In that case, counsel advised his client to withdraw his guilty plea and counsel

assured his client that he would not be exposing himself to any greater sentence than the five years agreed to in the plea bargain. Counsel had no legal basis upon which to make that assurance. Acting on this advice, the defendant withdrew his guilty plea and counsel stipulated to all the elements of the crime at trial, arguing only that his client was not sane during the commission of the crime. The defendant was convicted and was later sentenced to fifty years imprisonment. The Fifth Circuit Court of Appeals found that trial counsel was ineffective because he "affirmatively misstated the consequences" of standing trial rather than accepting the plea offer. *Id.* at 266. Such a baseless assurance is clearly not analogous to counsel's advice in the present case.

I would also note that any discussion on this issue is of limited applicability, since the provision under which the Majority analyzed the cognizability of appellant's claim has been repealed, effective December 29, 1995.

NIX, Former C.J., did not participate in the decision of this case.

NEWMAN, J., joins this *concurring and dissenting opinion.*