## Commonwealth v. Stockbauer

*Charles H. Rieck, assistant district attorney,* for Commonwealth.

*Vincent J. Quinn,* for defendant.

ASHWORTH, *J.,* July 23, 2009—William A. Stockbauer Jr., has filed an amended petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§9541-46. For the reasons set forth below, this petition will be denied following an evidentiary hearing in this case.

## I. BACKGROUND

Petitioner was charged at criminal information no. 2182-2006 with robbery, criminal conspiracy, and violation of the Uniform Firearms Act.[1] These charges were the result of an armed robbery of a deli in the City of Lancaster which netted petitioner and his accomplice $1,294. The robbery was captured on the deli's surveillance video and petitioner was positively identified by one of the clerks through a photographic array.

After arraignment, petitioner tendered a straight guilty plea to these charges on November 14, 2007, before the Honorable Michael A. Georgelis. After conducting an on-the-record colloquy, Judge Georgelis accepted the guilty plea and sentencing was deferred pending completion of a pre-sentence investigation report.

Petitioner stood for sentencing on April 7, 2008, before the undersigned.[2] At that time, petitioner received the following sentence: robbery, five to 10 years; criminal conspiracy, four to eight years; and firearms not to be carried without a license, two to four years. The robbery and criminal conspiracy sentences were ordered to run concurrently with each other but consecutive to the firearms offense, resulting in an aggregate period of incarceration of not less than seven nor more than 14 years.[3]

---

1. 18 Pa.C.S. §3701(A)(1)(iii), 18 Pa.C.S. §903(A)(1), 18 Pa.C.S. §6106(A)(1), respectively.

2. Judge Georgelis retired from the bench in December 2007, and the matter was reassigned.

3. The Commonwealth did not invoke any mandatory or enhancement for the use of a deadly weapon because of petitioner's cooperation in prosecuting the co-defendant in this case. (N.T., sentencing at 5, 11-12, 16.)

At the conclusion of the sentencing hearing, this court informed petitioner of his rights to file post-sentence motions within 10 days and to file an appeal to the Superior Court of Pennsylvania within 30 days. (N.T., sentencing at 15.) Petitioner stated that he understood his rights. *(Id.)* Petitioner did not file post-sentence motions or a direct appeal. Petitioner was represented at the guilty plea hearing and the sentencing hearing by the Office of the Public Defender and, in particular, by David L. Blanck, Esquire.

On December 10, 2008, petitioner, acting pro se, filed a motion to modify and reduce sentence nunc pro tunc, which this court treated as a petition under the PCRA. Pursuant to Rule 904(A) of the Pennsylvania Rules of Criminal Procedure, Vincent J. Quinn, Esquire, was appointed to represent Stockbauer on his collateral claims. Attorney Quinn filed an amended petition on February 3, 2009, alleging that Attorney Blanck was ineffective for failing to protect petitioner's appeal rights. Petitioner alleged that he specifically requested that counsel file a direct appeal.

The Commonwealth replied to the amended petition on February 24, 2009, and denied the allegations. However, it conceded the necessity of an evidentiary hearing to elicit testimony from both petitioner and Attorney Blanck as to the legitimacy and veracity of petitioner's claim that he requested an appeal be filed on his behalf.

On March 16, 2009, this court granted petitioner's amended petition and granted petitioner leave to file a post-sentence motion, nunc pro tunc, and, if necessary,

a direct appeal nunc pro tunc. On March 26, 2009, the Commonwealth filed a motion for reconsideration of the order granting post-conviction relief. In this motion, the Commonwealth claimed that it had been prejudiced by the reinstatement of petitioner's direct appeal rights without benefit of an evidentiary hearing on the matter.

Accordingly, on April 16, 2009, an order was entered granting the Commonwealth's motion for reconsideration, vacating the order of March 16, 2009, and scheduling an evidentiary hearing, by teleconference, for May 20, 2009, which was ultimately rescheduled for June 18, 2009. Following receipt of the transcript from the evidentiary hearing, defense counsel filed a brief in support of the amended petition on July 14, 2009. This matter is now ripe for disposition.

## II. DISCUSSION

Petitioner claims that he is entitled to relief for the reason that he was denied the effective assistance of counsel under the Sixth Amendment to the United States Constitution and Article V, Section 9 of the Pennsylvania Constitution.[4] See 42 Pa.C.S. §9543(a)(2)(ii). See also, *Commonwealth v. Wilkerson,* 490 Pa. 296, 299, 416 A.2d 477, 479 (1980). In a collateral attack on the effective-

---

4. The Pennsylvania Constitution Article V, Section 9 guarantees: "There shall be a right of appeal in all cases to a court of record from a court not of record; and there shall also be a right of appeal from a court of record or from an administrative agency to a court of record or to an appellate court, the selection of such court to be provided by law; and there shall be other such rights of appeal as may be provided by law."

ness of counsel, the courts presume counsel is effective and the petitioner has the burden of proving otherwise. *Commonwealth v. Rios,* 591 Pa. 583, 599, 920 A.2d 790, 799 (2007); *Commonwealth v. Pond,* 846 A.2d 699, 708 (Pa. Super. 2004).

To overcome this presumption, the petitioner must establish three factors: (1) the underlying claim has arguable merit; (2) counsel's performance lacked a reasonable basis; and (3) the ineffectiveness of counsel caused the petitioner prejudice. *Commonwealth v. Collins,* 598 Pa. 397, 408-409, 957 A.2d 237, 244 (2008); see also, 42 Pa.C.S. §9543(a). The failure to satisfy any of these prongs will cause the entire claim to fail. *Commonwealth v. Bridges,* 584 Pa. 589, 596, 886 A.2d 1127, 1131 (2005).

In determining whether counsel's action was reasonable, "we do not question whether there were other more logical courses of action which counsel could have pursued; rather, we must examine whether counsel's decisions had any reasonable basis." *Commonwealth v. Washington,* 592 Pa. 698, 712-13, 927 A.2d 586, 594 (2007). To demonstrate prejudice, the petitioner must show that there is a reasonable probability that "but for counsel's error or omission, the result of the proceeding would have been different." *Collins, supra* at 409, 957 A.2d at 244.

Here, petitioner charges trial counsel with ineffectiveness for failing to file a motion to modify sentence or notice of appeal as allegedly requested by petitioner. We begin our analysis by noting that the unjustified failure to file a requested direct appeal is ineffective assistance

of counsel per se and that a defendant need not demonstrate his innocence or show that he likely would have succeeded on appeal in order to meet the prejudice prong of the test for ineffectiveness. *Commonwealth v. Mikell,* 968 A.2d 779, 781 (Pa. Super. 2009) (citing *Commonwealth v. Lantzy,* 558 Pa. 214, 218, 736 A.2d 564, 571 (1999) ("failing to file a requested direct appeal denies the accused the assistance of counsel and the right to a direct appeal, and the accused is entitled to reinstatement of his direct appeal rights")). See also, *Commonwealth v. Bath,* 907 A.2d 619, 622 (Pa. Super. 2006); *Commonwealth v. Johnson,* 889 A.2d 620, 622 (Pa. Super. 2005).

However, before a court will find ineffectiveness of counsel for failing to file a direct appeal, a petitioner must prove that he requested an appeal and that counsel disregarded that request. *Bath, supra* at 622 (citing *Commonwealth v. Knighten,* 742 A.2d 679, 682 (Pa. Super. 1999) (holding that when a petitioner fails to meet his burden of proving that he asked counsel to file an appeal and that counsel disregarded that request, the post-conviction request for reinstatement of appellate rights must be denied)). A mere allegation will not suffice to prove that counsel ignored a petitioner's request to file an appeal. *Commonwealth v. Spencer,* 892 A.2d 840, 842 (Pa. Super. 2006). Rather, the burden is on the petitioner to plead and present evidence to this court that he, in fact, requested counsel to pursue a direct appeal within the requisite time period and that the request was ignored or rejected by trial counsel. *Commonwealth v. Collins,* 546 Pa. 616, 622, 687 A.2d 1112, 1115 (1996); *Commonwealth v. Harmon,* 738 A.2d 1023, 1024 (Pa. Super.

1999). See also, *Commonwealth v. Lehr,* 400 Pa. Super. 514, 517, 583 A.2d 1234, 1235 (1990) (holding "[t]o successfully avoid a finding of waiver, the [post-conviction petitioner] must prove that he requested an appeal and that counsel disregarded the request").

We find that petitioner has failed to meet his burden in this case. During the PCRA evidentiary hearing on June 18, 2009, Attorney Blanck testified that following the sentencing he met with his client and explained his post-sentence and appeal rights. (N.T., evidentiary hearing at 8.) Trial counsel denied that Stockbauer asked him to file a motion to modify sentence or a direct appeal when they spoke in the holding cell. (*Id.* at 8, 9.) However, Attorney Blanck did state that he told Stockbauer that "if he wished to appeal, he would need to notify [him] within 10 days." (*Id.* at 8.) Petitioner did not contact counsel. *(Id.)*

Stockbauer testified at the evidentiary hearing that he "wasn't very happy" with the seven-to-14-year sentence he received at the sentencing hearing on April 7, 2008. (N.T., evidentiary hearing at 12.) Petitioner stated that, after counsel explained the appeal process in the holding cell, he advised counsel that he wanted to appeal the sentence. *(Id.)* According to Stockbauer, trial counsel told him "he would be in touch." *(Id.)* After this conversation, Stockbauer never heard anything further from counsel. *(Id.)* Petitioner contends that despite his specific request, neither a post-sentence motion nor an appeal was filed by counsel.

Based upon the evidence presented, we cannot conclude that petitioner sustained his burden of proving that

he requested Attorney Blanck to file an appeal on his behalf. While petitioner testified that he spoke with Attorney Blanck directly after sentencing regarding an appeal, Attorney Blanck's testimony directly contradicts this. We find that petitioner did not demonstrate to his trial counsel that he was interested in appealing.

Moreover, the circumstances of this case suggest that a similarly-situated defendant would not be interested in appealing. A favorable plea agreement in the standard range of the Sentencing Guidelines was imposed, after counsel was able to secure an agreement with the Commonwealth that no mandatory sentence or enhancement with respect to the firearm would be sought. Petitioner's guilt was certain and his prior record abominable.[5] As noted by Attorney Blanck at the evidentiary hearing, petitioner was, and is still, suffering from cancer and was anxious to leave the county prison and start serving his state sentence so he could get medical care. Furthermore, petitioner waited more than eight months to complain about his sentence. Based upon this record, we find that petitioner has not satisfied his burden of pleading and

---

5. With regard to his criminal history, petitioner self-reported that, while in his mid-teens, he was convicted of criminal conspiracy to commit burglary. His probation was terminated when he was 17 in order for him to be eligible for admittance into the United States Navy. Three years later, in 1977, petitioner received an "undesirable discharge" from the Navy because of his drug use. As an adult, his theft and bad check charges started in 1979. Petitioner's sentencing in April 2008 marked his 29th appearance before the court, including 13 prior court appearances for probation/parole violations. (N.T., sentencing at 10-11.) Moreover, petitioner owes approximately $14,000 in fines, costs and restitution, resulting from his significant prior criminal record, both in Lancaster and Chester counties.

presenting evidence to this court that he, in fact, requested counsel to pursue a direct appeal within the requisite time period and that the request was ignored or rejected because we find the facts and circumstances demonstrate Mr. Blanck to be the more credible witness.

This does not end our inquiry, however. Pursuant to *Roe v. Flores-Ortega,* 528 U.S. 470 (2000), as applied in *Commonwealth v. Touw,* 781 A.2d 1250 (Pa. Super. 2001), counsel has a constitutional duty to adequately consult with a defendant about the advantages and disadvantages of an appeal where counsel has reason to think either "(1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Touw,* 781 A.2d at 1254 (quoting *Roe,* 528 U.S. at 480). The failure to consult may excuse the defendant from the obligation to request an appeal, such that counsel could still be found to be ineffective in not filing an appeal even where the defendant did not request the appeal. *Bath,* 907 A.2d at 623 (citing *Roe,* 528 U.S. at 480, 484; *Touw,* 781 A.2d at 1254).

In the instant case, there is no question that trial counsel consulted with petitioner before and after sentencing to explain his appeal rights, as required by *Roe, supra,* and *Touw, supra.* Attorney Blanck explained to petitioner the advantages and disadvantages of taking an appeal and what appealable issues existed. Specifically, counsel identified only three issues they could raise on appeal following the guilty plea: (1) whether the court

lacked jurisdiction; (2) whether the guilty plea was knowing, voluntary and intelligent; and (3) whether the sentence was legal.[6] (N.T., evidentiary hearing at 7, 8.) Consequently, we find that counsel's consultation with petitioner did not constitute deficient performance.

In conclusion, from our evaluation of credibility and accepting trial counsel's testimony at the evidentiary hearing, we find that petitioner did not specifically re-

---

6. It was not any of these issues which petitioner raised in his pro se motion to modify sentence but rather a discretionary aspect of sentencing claim. Specifically, petitioner sought to argue that the failure of the court to run his sentences concurrently was so "manifestly excessive" as to constitute an abuse of discretion. Long-standing precedent recognizes that 42 Pa.C.S. §9721 affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed, upon consideration of the individual circumstances concerning the defendant and the many crimes he committed. See for example, *Commonwealth v. Diaz*, 867 A.2d 1285, 1288 (Pa. Super. 2005); *Commonwealth v. Boyer*, 856 A.2d 149, 154 (Pa. Super. 2004), *aff'd*, 586 Pa. 142, 891 A.2d 1265 (2006). It is clear that in fashioning this sentence the court did consider the individual circumstances concerning petitioner and the crimes he committed. As noted at the sentencing hearing, the court took into account the following factors: petitioner's age (50); his extensive criminal record, which began when he was 17 years of age; his educational background; his military service; his alcohol and substance abuse history, starting with his use of marijuana at the age of 15, cocaine at age 20, and later methamphetamine and heroin; his limited employment history due to his drug addictions and frequent incarcerations; his medical history, particularly his cancer diagnosis and treatment; his rehabilitative needs; his letter to the court; and the entire pre-sentence investigation report. (N.T., sentencing at 7-11.) Based upon the individual circumstances concerning this defendant and the crimes he committed, the sentence imposed was not so manifestly excessive as to constitute too severe a punishment. See *Commonwealth v. Mouzon*, 571 Pa. 419, 430-31, 812 A.2d 617, 625 (2002). Thus, petitioner's sole potential appellate issue lacked merit.

quest or instruct his trial counsel to file a post-sentence motion or an appeal.[7] Moreover, we find that defense counsel satisfied his constitutionally-imposed duty to consult with his client about an appeal.

## III. CONCLUSION

Based on the evidence presented at the PCRA hearing on June 18, 2009, we must conclude that Stockbauer's claim of ineffective assistance does not warrant relief. Thus, for the reasons set forth above, petitioner's PCRA amended petition will be denied.

Accordingly, I enter the following:

## ORDER

And now, July 23, 2009, upon consideration of William A. Stockbauer's amended petition for post-conviction collateral relief and after a hearing on the petition, it is hereby ordered that said petition is denied.

Pursuant to Pa.R.Crim.P. 907(4), this court advises petitioner that he has the right to appeal from this order. Petitioner shall have 30 days from the date of this final order to appeal to the Superior Court of Pennsylvania. Failure to appeal within 30 days will result in the loss of appellate rights.

---

7. We note that where the PCRA court's determination of credibility is supported by the record, it will not be disturbed on appeal. See *Commonwealth v. Clark,* 599 Pa. 204, 217, 961 A.2d 80, 87 (2008) (citing *Commonwealth v. Abu-Jamal,* 553 Pa. 485, 514, 720 A.2d 79, 93 (1998) ("Where . . . there is record support for a PCRA court's credibility determinations, we, as a reviewing court, are bound by those determinations")). See also, *Harmon, supra.*