J-S70036-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BENJAMIN BRABHAM | |
| Appellant | No. 244 EDA 2015 |

Appeal from the PCRA Order December 17, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1206831-1993

BEFORE:  DONOHUE, J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY LAZARUS, J.:  **FILED NOVEMBER 20, 2015**

Benjamin Brabham appeals from the trial court's order denying his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541-9546.[1]  After careful review, we affirm.

The trial court summarized the relevant facts of the instant case as follows:

> Defendant, Benjamin Brabham, was charged . . .  with murder generally, robbery and criminal conspiracy.  These charges arose

---

[*] Retired Senior Judge assigned to the Superior Court.

[1]  On appeal from the denial of PCRA relief, we must determine whether the PCRA court's findings are supported by the record and whether the order is otherwise free of legal error.  ***Commonwealth v. Blackwell***, 647 A.2d 915, 920 (Pa. Super. 1994).  We will not disturb the PCRA court's findings unless they have no support in the record.  ***Id.***

out of an incident that occurred on October 23, 1993, during which defendant lured Mr. Andre Battle, a known drug dealer, into an alley so that co-defendant Gregory Reeves could rob Battle. The plan called for Reeves to engage in a subterfuge and appear to rob defendant as well because Battle knew defendant and defendant was afraid Battle would retaliate if Battle deduced that defendant participated in the robbery.

Once Battle was in the alley, Reeves placed a .357 Magnum revolver against Battle's head and proceeded to rob him. During the incident Reeves fired a single shot into [Battle's] head, killing him. Following the arrest, the defendant, who was a juvenile at the time,[2] gave police a statement wherein he admitted that he participated in the robbery that culminated in Mr. Battle's death.

Defendant was tried before the Honorable Jane C. Greenspan, sitting without a jury, in September of 1994, and was found guilty of second-degree murder, and the other two charges listed above. Following the recording of the verdict, defendant received the mandatory sentence of life imprisonment on the second-degree murder conviction. Verdicts without further penalty were entered on the robbery and conspiracy charges. A direct appeal followed and on October 18, 1995, the Pennsylvania Superior Court [] affirmed the judgment of sentence. (3681 PHL 1994). Defendant thereafter filed a petition for allowance of appeal in the Pennsylvania Supreme Court, which on May 23, 1996, denied the petition. (905 E.D. 1995).

On October 10, 2000, defendant filed a *pro se* petition for a writ of habeas corpus. The matter was assigned to Justice Greenspan[3] for disposition who, upon determining that defendant's petition must be treated as a petition under the Post-Conviction Relief Act (PCRA), 42 Pa.C.S. § 9741 *et seq.*, ruled that defendant's petition had been untimely filed and dismissed it in September of 2001.

---

[2] Brabham was sixteen-years-old at the time of the murder.

[3] We note that at the time she disposed of Brabham's *pro se* petition, Justice Greenspan had not yet been appointed to the Supreme Court of Pennsylvania.

Following the dismissal of his petition, defendant appealed Justice Greenspan's order to the Superior Court, which on August 9, 2002, affirmed the order. (2929 EDA 2001).

On June 23, 2003, defendant filed a counseled writ of habeas corpus in the federal courts. It was denied on November 20, 2003, by a judge of the [E]astern District of Pennsylvania. On May 27, 2004, the Third Circuit Court of Appeals denied a request for a certificate of appealability.

On April 29, 2005, defendant filed a *pro se* petition pursuant to the PCRA, which is the subject of this appeal. Over the next several years defendant, through counsel, filed several supplemental petitions. On December 14, 2014, this Court denied defendant PCRA relief without a hearing. Defendant thereafter filed a notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement.

Trial Court Opinion, 2/10/15, at 1-3 (footnotes omitted).

On appeal, Brabham raises several issues for our review:

(1)     Whether appellant's [] mandatory sentence of life without parole is "cruel punishment" under Article I, §§ 1,9, and 13 of the Pennsylvania Constitution and "cruel and unusual punishment" under the Eighth and Fourteenth Amendments to the U.S. Constitution.

(2)     Whether appellant's [] mandatory sentence of life without parole is unconstitutional under both Article 1, §§ 1, 9, and 13 of the Pennsylvania Constitution and under the Eighth and Fourteenth Amendments to the U.S. Constitution because two classes of prisoners sentenced to mandatory life without parole are treated differently.

(3)     Whether **Miller v. Alabama**, 132 S.Ct 2455 (2012), applies retroactively to the appellant who has exhausted his appeal rights and is proceeding under the Post Conviction Relief Act because: (1) Miller's companion case, **Jackson v. Hobbs**, 132 S.Ct. 548 (2011) was decided on collateral review and (2) cases from both strands of precedent relied upon by the Court in **Miller** have been applied retroactively.

(4)     Whether, even if life without parole was a permissible sentence, no Pennsylvania statute exists to determine

parole eligibility for juveniles who were convicted of Second Degree Murder and any new sentence imposed on appellant must not exceed the highest statutorily authorized constitutional sentence in effect at the time of the appellant's crimes, as any higher sentence would violate appellant's rights under the Due Process, Ex Post Facto and Equal Protection Clauses of the United States and Pennsylvania Constitutions.

(5) Whether the PCRA Court erred by determining that the appellant's PCRA petition was untimely because appellant is entitled to the "after- discovered evidence" exception to the timeliness requirement of 42 Pa.C.S. §9545(b)(1)(ii) because if the after discovered evidence, the testimony of Chikeesha Johnson, was presented at trial the Commonwealth could not meet its burden to prove the appellant guilty of every element of murder of the second degree beyond a reasonable doubt.

(6) Whether the PCRA Court erred by failing to conduct an evidentiary PCRA hearing because there are material issues of fact in dispute.

It is well recognized that a petition for PCRA relief, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final. *See* 42 Pa.C.S.A. § 9545(b)(3); *see also* *Commonwealth v. Alcorn*, 703 A.2d 1054 (Pa. Super. 1997). There are, however, exceptions to the time requirement; where the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met, the petition will be considered timely. These exceptions include interference by government officials in the presentation of the claim, after-discovered facts or evidence, and an after-recognized constitutional right. *See* 42 Pa.C.S.A. § 9545(b)(1)(i),(ii), and (iii). A PCRA petition invoking one of these exceptions must "be filed within 60 days of the date the claims could have been presented." *See* 42 Pa.C.S.A. § 9545(b)(2). The

timeliness requirements of the PCRA are jurisdictional in nature and, accordingly, a PCRA court cannot hear untimely petitions. *Commonwealth v. Robinson*, 837 A.2d 1157 (Pa. 2003).

Brabham's judgment of sentence became final, for purposes of the PCRA, on July 21, 1999, when the time expired for him to file a petition for writ of certiorari with the United States Supreme Court. *See* 42 Pa.C.S.A. § 9545 (b)(3); Sup. Ct. R. 13. Thus, Brabham had until July 21, 2000, to file a PCRA petition. Because Brabham did not file his petition until April 25, 2005, the trial court correctly concluded that his petition is facially untimely.

Brabham's first three issues concern application of the United States Supreme Court case, *Miller v. Alabama*, 132 S.Ct 2455 (2012), to his untimely PCRA petition under the PCRA's newly recognized constitutional rights exception. *See* 42 Pa.C.S. § 9545(b)(1)(iii).

In *Miller*, the Supreme Court held that "the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders." *Id*. at 2469. However, in *Commonwealth v. Cunningham*, 81 A.3d 1 (Pa. 2013), our Supreme Court held that the constitutional right announced in *Miller* does not apply retroactively to cases on collateral appeal.[4] Consequently, Brabham cannot rely upon *Miller* or

---

[4] The United States Supreme Court has since denied certiorari in *Cunningham*. *See Cunningham v. Pennsylvania*, 134 S.Ct. 2724 (U.S. 2014). However, on March 23, 2015, the Supreme Court granted certiorari in *Montgomery v. Louisiana*, 135 S. Ct. 1546 (2015), which again
*(Footnote Continued Next Page)*

subsection 9545(b)(1)(iii) to establish jurisdiction over his untimely PCRA petition.

Brabham's next claim alleges that sentencing a juvenile to life without the possibility of parole violates the Due Process, Ex Post Facto and Equal Protection Clauses of the United States and Pennsylvania Constitutions. In *Commonwealth v. Lawrence*, 99 A.3d 116 (Pa. Super. 2014), our Court held "that these [constitutional] arguments fall into the category of 'a sentencing issue that presents a legal question [rather than a claim that the] sentence[ is] illegal.'" Therefore, Brabham's claim is not cognizable under the PCRA; he is not entitled to relief. *See* 42 Pa.C.S. § 9543(2).

Brabham next claims that he properly pled and proved the "after discovered evidence" exception, 42 Pa.C.S. § 9545(b)(1)(ii), to warrant relief on his untimely petition. Specifically, he asserts that the testimony of Chikeesha Johnson, memorialized in a February 3, 2010 affidavit, would have completely exonerated him of his second-degree murder conviction.[5]

In order to qualify for the after-discovered facts exception to the timeliness requirement, a petitioner must establish that: (1) he did not

*(Footnote Continued)* _____

presents the *Miller* retroactivity question. Nonetheless, until the United States Supreme Court issues its decision, we are bound by *Cunningham*.

[5] Specifically, Johnson alleges in her affidavit that Brabham: was impaired by drug and/or alcohol on the night of the murder; was under extreme emotional distress after his grandfather's funeral; and was "set up" by Reeves.

know the facts upon which he based his petition; and (2) he could not have learned those facts earlier with the exercise of due diligence. *See* 42 Pa.C.S. § 9545(b)(1)(ii). The exception focuses on "newly discovered facts, not on a newly discovered or newly willing source for previously known facts." *Commonwealth v. Johnson*, 863 A.2d 423, 27 (Pa. 2004).

In determining whether a new trial should be granted based on newly-discovered evidence, it is the PCRA petitioner's burden to:

> [d]emonstrate [by a preponderance of the evidence] that the evidence: (1) could not have been obtained prior to the conclusion of the trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach the credibility of a witness; and (4) would likely result in a different verdict if a new trial were granted.

*Commonwealth v. Pagan*, 950 A.2d 270, 292 (Pa. 2008).

Brabham claims that since he has been incarcerated from the time he was arrested in 1992, at the age of 16, he had no way of uncovering the facts found in Johnson's affidavit. Moreover, he asserts that because he was "totally reliant on counsel who failed to conduct any investigation," he could not have learned of these facts earlier with the exercise of due diligence.

Despite his claim that he could not have learned about Johnson's testimony sooner, Brabham asserts that trial counsel "should have known about the existence of this witness" and that "he failed to contact her or interview her." Essentially, this is a veiled ineffectiveness claim that cannot now be resurrected in an untimely PCRA petition. *See Commonwealth v. Pursell*, 749 A.2d 911 (Pa. 2000) (claims of ineffective assistance of counsel

do not automatically qualify pursuant to exceptions to one-year time limitation provided in sections 9545(b)(1)(i)-(iii) of PCRA).

Moreover, because Brabham acknowledges that this witness could have been found sooner, and because he fails to specify when he exactly learned about Johnson's testimony, it fails to pass the due diligence prong of section 9545(b)(1)(ii), as well as the 60-day requirement under section 9545(b)(2). ***See Commonwealth v. Monaco***, 996 A.2d 1076 (Pa. Super. 2010).

Finally, Brabham contends that the trial court improperly failed to conduct an evidentiary hearing on his PCRA petition because there are material issues of fact in dispute. A court may dismiss a PCRA petition without a hearing, and after proper notice is given to the parties, when:

> [T]he judge is satisfied from this review [of the petition] that **there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief**, and no purpose would be served by any further proceedings.

Pa.R.Crim.P. 907(1) (emphasis added). Having concluded Brabham has raised no genuine issues concerning material fact that would entitle him to PCRA relief, the court properly dismissed his petition without a hearing.

Order affirmed; motion to withdraw denied.[6]

_____

[6] On November 10, 2015, counsel filed in this Court a motion noting stating that "[p]ursuant to appellant's request, I respectfully request that this Court consider appellant's Reply Brief as filed and permit me to withdraw as

*(Footnote Continued Next Page)*

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/20/2015

---

*(Footnote Continued)* ─────────────

counsel for Mr. Brabham in this matter." Motion for Permission to Withdraw as Counsel, 11/10/15, at 3. While counsel may wish to withdraw from this collateral appeal, she has not satisfied the requirements to do so as set forth in **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) and recently updated in **Commonwealth v. Friend**, 896 A.2d 607 (Pa. Super. 2006). Specifically, in order to withdraw, PCRA counsel must: 1) attach a "no-merit" letter to counsel's application to withdraw as counsel; 2) list each claim the petitioner wishes to have reviewed in the "no-merit" letter and detail the nature and extent of counsel's review of the merits of each of those claims; 3) set forth in the "no-merit" letter an explanation of why the petitioner's issues are meritless; and 4) contemporaneously forward to the petitioner a copy of the application to withdraw, which must include (i) a copy of both the "no-merit" letter, and (ii) a statement advising the PCRA petitioner that, in the event the trial court grants the application of counsel to withdraw, petitioner has the right to proceed *pro se*, or with the assistance of privately retained counsel. **Friend**, 896 A.2d at 615.

In this case, counsel has filed an advocate's brief, not a compliant **Turner**/**Finley** "no-merit" letter. **See Commonwealth v. White**, 674 A.2d 253, 256 (Pa. Super. 1996). Accordingly, we deny counsel's petition to withdraw. Likewise, because counsel is still representing Brabham on appeal, we cannot accept as filed or consider Brabham's *pro se* reply brief. **See Commonwealth v. Jette**, 23 A.3d 1032 (Pa. 2011); **see also** Pa.R.Crim.P. 576 (outlining procedure by which *pro se* documents submitted to court by represented defendant shall be forwarded to defendant's counsel); **Commonwealth v. Hall**, 476 A.2d 7, 9-10 (Pa. Super. 1984) (holding that criminal defendant's *pro se* actions have no legal effect while he or she remains represented by counsel.).