J-S29006-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LOUIS DOTTLE, | |
| Appellant | No. 642 WDA 2015 |

Appeal from the PCRA Order Entered March 16, 2015
In the Court of Common Pleas of Lawrence County
Criminal Division at No(s): CP-37-CR-0000230-1990

BEFORE:  BENDER, P.J.E., PANELLA, J., and FITZGERALD, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                    **FILED JUNE 1, 2016**

Appellant, Louis Dottle, appeals *pro se* from the post-conviction court's March 16, 2015 order denying, as untimely, his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The PCRA court summarized the procedural history of Appellant's case, as follows:

> On February 7, 1991[,] [Appellant] was convicted of first-degree murder in the shooting death of his wife.  On April 10, 1991, [Appellant] was sentenced by the [c]ourt to life imprisonment.  [He] filed a post-sentence motion, which was denied on July 29, 1992[,] and, after appeal, [Appellant's judgment of sentence was] affirmed by the Superior Court on July 8, 1993.  [**Commonwealth v. Dottle**, 633 A.2d 1221 (Pa. Super. 1993) (unpublished memorandum).  Appellant did not petition for allowance of appeal with our Supreme Court.]

---

[*] Former Justice specially assigned to the Superior Court.

[Appellant's] first PCRA petition was timely filed on May 14, 1994. The [c]ourt denied that petition on May 23, 1996. [Appellant] filed a timely appeal of the [c]ourt's decision to the Superior Court, and the Superior Court affirmed that decision on December 11, 1996. [**Commonwealth v. Dottle**, 697 A.2d 274 (Pa. Super. 1996) (unpublished memorandum).] [Appellant] filed a petition for review before the Supreme Court of Pennsylvania, [which] was denied by Order dated April 29, 1997. [**Commonwealth v. Dottle**, 693 A.2d 586 (Pa. 1997).] On December 16, 1997, [Appellant] filed a second *pro se* PCRA petition. That petition was initially dismissed but was re-instated by Order dated March 3, 1999, and Attorney Thomas W. Leslie was assigned by the [c]ourt as counsel for [Appellant]. Attorney Leslie filed a Second Amended PCRA petition for [Appellant] on August 27, 1999. An Opinion and Order were filed on December 13, 1999[,] which denied [Appellant's] Second Amended PCRA petition. [Appellant] appealed the [c]ourt's decision to the Superior Court of Pennsylvania. The Superior Court affirmed that decision and concluded that the PCRA [c]ourt's decision was supported by evidence of record and free of legal error. [**Commonwealth v. Dottle**, 769 A.2d 1202 (Pa. Super. 2000) (unpublished memorandum).] Upon the denial of relief by the Superior Court, [Appellant] sought allowance of appeal by the Supreme Court of Pennsylvania and that was denied on June 19, 2001. [**Commonwealth v. Dottle**, 781 A.2d 139 (Pa. 2001).]

…

On May 22, 2012[,] [Appellant] filed the instant[,] [t]hird *pro se* PCRA petition based on the United States Supreme Court's recent decisions in **Missouri v. Frye**, 132 S.Ct. 1399 (2012); **Lafler v. Cooper**, 132 S.Ct. 1376 (2012); and, **Martinez v. Ryan**, 132 S.Ct. 1309 (2012). [Appellant] raises claims that he was not advised of a plea bargain offer until after he had been found guilty of the charges[,] and that trial counsel failed to call known and available witnesses to testify as to the violent character of the victim. [Appellant] filed a Motion for Appointment of Counsel and Attorney Joseph Kearney was assigned by the [c]ourt as [c]ounsel for [Appellant]. On August 3, 2012[,] the Commonwealth filed a Motion to Dismiss [Appellant's] petition as being untimely and without merit. Appointed counsel requested several continuances to review the extensive record, to consult with [Appellant], and to allow for guidance from the Pennsylvania appellate courts on the issues of the retroactivity of the cases that [Appellant] relied upon in his

petition. On May 7, 2014[,] Attorney Kearney filed a Motion to [W]ithdraw consistent with the requirements of **Commonwealth v. Turner**, [544 A.2d 927] ([Pa.] 1988)[,] and **Commonwealth v. Finley**, … 550 A.2d 213 ([Pa. Super.] 1988), citing that [Appellant's] instant PCRA [petition] is untimely and lacks merit. The [c]ourt granted Attorney Kearney['s] … Motion to Withdraw, and advised [Appellant] that he could proceed on his own or secure counsel himself. [Appellant] petitioned for assignment of counsel and that request was denied…. On June 4, 2014, [Appellant], *pro se*, filed this Third Amended PCRA petition and a Supplement to the Amended Petition.

PCRA Court Opinion (PCO), 3/16/15, at 1-4.

On September 5, 2014, the PCRA court conducted a hearing, at which Appellant represented himself and presented argument, but no witnesses. On March 16, 2015, the court issued an order denying Appellant's petition. On April 20, 2015, Appellant filed a *pro se* notice of appeal with this Court. While facially untimely, the date Appellant specified on his *pro se* notice of appeal was April 15, 2015, which was 30 days from the entry of the March 16, 2015 order denying his petition. Appellant also stated on the notice that April 15th was the date "he handed to prison officials[,] to place in the United States mail, a true and correct copy of the foregoing Notice of Appeal…." Notice of Appeal, 4/20/15. In an abundance of caution, we will deem Appellant's *pro se* notice of appeal as timely-filed under the prisoner mailbox rule. **See Commonwealth v. Cooper**, 710 A.2d 76, 78 (Pa. Super. 1998) (stating that the prisoner mailbox rule provides "that, for prisoners proceeding *pro se*[,] a notice is deemed filed as of the date it is deposited in the prison mail system[,]" and holding that this rule is not limited to

- 3 -

instances where a prisoner is challenging his or her own sentence or conviction, but is applicable to all appeals filed by prisoners proceeding *pro se*).

On appeal, Appellant raises three issues for our review:

I. Whether Appellant was denied effective representation during a "critical stage" in his criminal proceedings in relation to plea[] negotiations in violation of the Sixth Amendment of the United States Constitution?

II. Whether the PCRA court violated Appellant's due process rights when the court granted counsel's "no merit" letter that relied on law that was inapplicable to Appellant's timely filed successive post-conviction relief petition?

III. Whether the decision in **Missouri v. Frye** … provides, in essence[,] a new theory or method of obtaining relief for Appellant on collateral review and, thus, satisfies an exception to the timing requirements of the PCRA?

Appellant's Brief at 7 (unnecessary capitalization omitted).

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. **Commonwealth v. Ragan**, 923 A.2d 1169, 1170 (Pa. 2007). We must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. **Commonwealth v. Bennett**, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of

the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, Appellant's judgment of sentence became final in 1993, making his current petition, filed in May of 2012, patently untimely. Thus, Appellant must prove that he meets one of the exceptions to the timeliness requirements set forth in 42 Pa.C.S. § 9545(b).

All three of Appellant's issues center on a claim that his trial counsel acted ineffectively by not conveying to him a plea offer presented by the

Commonwealth. Only in Appellant's third issue does he attempt to plead and prove the applicability of any of the above-stated exceptions to this underlying ineffectiveness claim; accordingly, we will address that issue first.

Appellant avers that he satisfies the timeliness exceptions of section 9545(b)(1)(i) and (iii) based on the United States Supreme Court's decisions in **Frye**, as well as **Lafler** and **Martinez**. For ease of disposition, we will address his reliance on **Martinez** first. In that case, the Supreme Court held that, "[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal *habeas* court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." **Martinez**, 132 S.Ct. at 1320. The **Martinez** Court made clear that its holding was not a "constitutional ruling…." **Id.** at 1319. Additionally, this Court has declared that "[w]hile **Martinez** represents a significant development in federal *habeas corpus* law, it is of no moment with respect to the way Pennsylvania courts apply the plain language of the time bar set forth in section 9545(b)(1) of the PCRA." **Commonwealth v. Saunders**, 60 A.3d 162, 165 (Pa. Super. 2013). Accordingly, Appellant has not convinced us that **Martinez** satisfies any timeliness exception to trigger our jurisdiction to review his underlying plea-negotiation ineffectiveness claim.

Likewise, neither *Frye* nor *Lafler* meet an exception to the PCRA's time-bar.

> In *Frye*, the United State Supreme Court merely clarified that [the] right [to effective representation] "extends to the negotiation and consideration of plea offers that lapse or are rejected." *Frye*, 132 S.Ct. at 1404 (emphasis added). In other words, the *Frye* Court held "that, as a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Id.* at 1408. In determining whether counsel has satisfied this obligation, the two-part test set forth in *Strickland* [*v. Washington*, 466 U.S. 668 (1984),] applies. *See id.* at 1409. In *Lafler,* the Court explained that to meet the prejudice prong of the *Strickland* test where the alleged ineffectiveness of counsel involves the defendant's rejection of a plea offer, the defendant must show,
>
>> that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (*i.e.,* that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.
>
> *Lafler,* 132 S.Ct. at 1385.

*Commonwealth v. Feliciano*, 69 A.3d 1270, 1276-77 (Pa. Super. 2013) (footnote omitted). In *Feliciano*, this Court held that the appellant's "reliance on *Frye* and *Lafler* in an attempt to satisfy the timeliness exception of section 9545(b)(1)(iii) is unavailing." *Id.* at 1277. We reasoned that neither case "created a new constitutional right[,]" but instead, "simply applied the Sixth Amendment right to counsel, and the *Strickland* test for demonstrating counsel's ineffectiveness, to the particular

circumstances at hand, *i.e.*[,] where counsel's conduct resulted in a plea offer lapsing or being rejected to the defendant's detriment." **Id.** Under our holding in **Feliciano**, Appellant's reliance on **Frye** and **Lafler** to satisfy the timeliness exception of section 9545(b)(1)(iii) clearly fails.

We also reject Appellant's argument that **Frye** and **Lafler** demonstrate that the circumstances of his case satisfy the exception of section 9545(b)(1)(i). Essentially, Appellant argues that the PCRA court, and this Court, have previously rejected his claim that defense counsel acted ineffectively by not conveying a plea offer to him, and did so on the basis that there is no Sixth Amendment right to effective representation at that stage of the proceedings. According to Appellant, if **Frye** and **Lafler** do *not* create a new constitutional right, then they necessarily reveal that Appellant has *always* had a right to effective counsel during the plea negotiation stage of the proceedings. Consequently, the PCRA court's and this Court's prior decisions were incorrect *at the time they were issued*, and served to impede Appellant's ability to raise this claim of ineffectiveness, thus constituting governmental interference under section 9545(b)(1)(i).

While we appreciate the ingenuity of Appellant's *pro se* argument, he misstates the record. Appellant first presented his claim that defense counsel ineffectively handled an ostensible plea offer in his initial PCRA petition filed in 1994. At that point, Appellant was represented by David J. DeFazio, Esq., who raised several claims in Appellant's petition, including the at-issue ineffectiveness claim. However, Attorney DeFazio essentially

abandoned that claim, and several others, in favor of pursuing a single argument that trial counsel acted ineffectively by failing to call character witnesses on Appellant's behalf. *See* PCRA Court Opinion, 12/13/99, at 1-3. Ultimately, then, the PCRA court did *not* rule on the merits of the claim of ineffectiveness regarding counsel's handling of plea negotiations because Attorney DeFazio had abandoned it.

Then, in Appellant's second PCRA petition filed in 1997, he asserted that Attorney DeFazio had acted ineffectively by not pursuing the plea-negotiation ineffectiveness claim pertaining to trial counsel. The PCRA court ruled that this ineffectiveness claim was *not cognizable* under the PCRA as amended in 1995. ***See Commonwealth v. Dottle***, No. 122 WDA 2000, unpublished memorandum at 6-7 (Pa. Super. filed Dec. 5, 2000). On appeal, this Court agreed with the PCRA court's determination, relying on ***Commonwealth v. Korb***, 617 A.2d 715 (Pa. Super. 1992), which "held that a claim that trial counsel was ineffective for failing to communicate a plea offer to his client was cognizable under section 9543(a)(2)(v) of the PCRA, which was deleted pursuant to the 1995 amendments." ***Dottle***, No. 122 WDA 2000, unpublished memorandum at 7 (citing also ***Commonwealth v. Boyd***, 688 A.2d 1172, 1175 (Pa. 1997) (applying ***Korb*** in a pre-1995 amendment case)). We concluded in ***Dottle*** that "[s]ince the amendments to the PCRA deleted section 9543(a)(2)(v), … Appellant's underlying claim of

trial counsel ineffectiveness is *no longer cognizable under the PCRA.*" ***Id.*** (emphasis added).[1]

In sum, the PCRA court and this Court previously rejected Appellant's plea-negotiation ineffectiveness claim based on the non-cognizability of that claim, not on the basis that Appellant had no Sixth Amendment right to counsel during the plea negotiation stage of the proceedings.[2] Accordingly,

_____

[1] Just six months after this Court's decision in ***Dottle***, our Supreme Court overruled ***Boyd*** and ***Korb***, and expanded the scope of ineffective assistance of counsel claims reviewable under the PCRA. ***See Com. ex rel. Dadario v. Goldberg***, 773 A.2d 126, 128, 130 (Pa. 2001) (holding that "[s]ection 9543(a)(2)(ii) … encompass[es] all constitutionally-cognizable claims of ineffective assistance of counsel, *i.e.*, all claims that the petitioner was deprived of his or her Sixth Amendment and Article I, Section 9 rights to counsel[,]" including "claims of ineffective assistance of counsel arising from the plea-bargaining process"). However, Appellant did not file a PCRA petition seeking relief under the decision in ***Goldberg***.

[2] We also note that in ***Dottle***, we offered the following alternative analysis of Appellant's plea-negotiation ineffectiveness claim:

> Moreover, even if the underlying claim regarding the failure to communicate a plea bargain [was] cognizable under the PCRA, the evidence supports a finding that Attorney DeFazio was not ineffective in the first PCRA for failing to pursue the question of trial counsel's ineffectiveness. As Attorney DeFazio testified that the testimony given by trial counsel and Appellant was contradictory as to this issue, it is not clear that the issue had arguable merit or that Attorney DeFazio could have had no reasonable strategy in failing to pursue this issue. Moreover, it is not at all clear that, but for Attorney DeFazio's decision not to pursue the issue, the outcome of the first PCRA proceeding would have been different.

***Dottle***, No. 122 WDA 2000, unpublished memorandum at 8-9. Our alternative analysis in ***Dottle*** further clarifies that we were *not* rejecting the merits of Appellant's ineffectiveness claim on the basis that he had no right to effective representation during the plea negotiation process.

the holdings of **Frye** and **Lafler** do not reveal that the PCRA court and/or this Court interfered with Appellant's ability to raise "a claim that had merit the entire time during the proceedings." Appellant's Brief at 21. Thus, Appellant has failed to prove the applicability of the exception in section 9545(b)(1)(i).

In Appellant's remaining two issues, he argues the merits of his underlying plea-negotiation ineffectiveness claim, and also maintains that Attorney Kearney, who was appointed to represent him in the disposition of the instant petition, improperly sought to withdraw when he should have presented a "layered" ineffectiveness claim regarding Appellant's trial counsel and his initial PCRA counsel, Attorney DeFazio. Appellant does not argue, let alone prove, that these claims satisfy a timeliness exception, and "[i]t is well settled that allegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA." **See Commonwealth v. Wharton**, 886 A.2d 1120, 1127 (Pa. 2005) (citations omitted). Accordingly, Appellant's remaining two issues also do not meet any of the above-stated exceptions.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: June 1, 2016

- 11 -