J. S93014/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
         :            PENNSYLVANIA
         :
       v.        :
         :
ROBERT P. SMITH,        :
         :
      APPELLANT      :
         :      No. 3559 EDA 2015

Appeal from the PCRA Order November 24, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0005836-2011

BEFORE: DUBOW, SOLANO, AND PLATT[*], JJ.

MEMORANDUM BY DUBOW, J.:          **FILED FEBRUARY 08, 2017**

Appellant, Robert P. Smith, appeals from the November 24, 2015 Order denying his first Petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-46, in which he requested the reinstatement of his direct appeal rights *nunc pro tunc*. After careful review, we affirm.

We summarize the relevant facts and procedural history as gleaned from the record. On May 8, 2012, following a waiver trial, the trial court convicted Appellant of Aggravated Assault, Simple Assault, and Recklessly Endangering Another Person. The court sentenced Appellant that same day

---

[*] Retired Senior Judge Assigned to the Superior Court.

to a term of five to ten years' incarceration, followed by five years' probation. The court also convicted Appellant of Terroristic Threats, but imposed no further penalty on that conviction. Appellant did not file a Post-Sentence Motion or a timely Notice of Appeal.

On October 2, 2012, Appellant filed a *pro se* PCRA Petition seeking reinstatement of his appellate rights. On November 12, 2013, the PCRA court appointed Appellant counsel who filed an Amended PCRA Petition on November 6, 2014, and a second Amended PCRA Petition on August 27, 2015. On November 24, 2015, the PCRA court held a hearing on Appellant's Petition, at which Appellant and his trial counsel, Lenora Clayton, Esquire, testified.

Appellant testified that Ms. Clayton represented him at trial, and that at the conclusion of trial, he requested that the court impose sentence immediately because he did not want to remain in county custody. N.T., 11/24/15, at 17, 19, 23. He testified that immediately after the imposition of sentence he asked Ms. Clayton to file an appeal on his behalf. *Id.* at 23-24. He testified that he has not had any direct contact with Ms. Clayton since his trial, but that he wrote her a letter the evening after the trial ended, and attempted to call her at least three times, leaving several voice messages in the following days, to no avail. *Id.* at 19-20. He acknowledged that he kept no records of these calls or a copy of the letter. *Id.* at 21. He also testified that he wrote a letter to Ms. Clayton's supervisors regarding his

desire to file an appeal; however, he did not keep copies of those letters. *Id.* at 22-23, 25, 28. He testified that Ms. Clayton responded to his letter to her supervisor on August 10, 2012. *Id.* at 25-27. In it, Appellant testified, Ms. Clayton emphatically denied ever receiving a receiving a request from him to file an appeal. *Id.*

Ms. Clayton also testified at Appellant's PCRA hearing. She testified that she has been a criminal defense attorney with the Defender Association for her entire 33-year career. *Id.* at 31, 33. She testified that after the trial court found Appellant guilty of the Aggravated Assault and related charges, she recommended requesting a pre-sentence report prior to proceeding to the imposition of sentence. *Id.* at 33. Instead, Appellant insisted on being sentenced immediately because "he didn't want to stay in Philadelphia." *Id.*

Ms. Clayton also testified that at no time did Appellant request that she file an appeal on his behalf. *Id.* at 33-34. Had he done so, she testified, she would have written the word "appeal" on the file and submitted it to her office's appellate unit within the 30-day time limit. *Id.* at 37-39. She also testified that she received no correspondence from Appellant requesting that she file an appeal, and she does not recall receiving any calls or phone messages from him. *Id.* at 33-34, 46. Ms. Clayton confirmed that she responded to two letters sent to her supervisor by Appellant, in which she denied categorically that Appellant had ever asked her to file an appeal on his behalf. *Id.* at 34, 37.

Following his PCRA hearing, the PCRA court denied Appellant's Petition. On November 30, 2015, Appellant filed a timely Notice of Appeal from the Order denying his PCRA Petition. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant raises one issue on appeal in which he claims that the PCRA court erred in denying his request for reinstatement of his direct appeal rights *nunc pro tunc*. Appellant's Brief at 3. Appellant specifically claims that the trial court abused its discretion when it credited the testimony of Appellant's trial counsel that Appellant did not ask her to file an appeal from Appellant's Judgment of Sentence over Appellant's testimony to the contrary. ***Id.*** at 7.

When reviewing the denial of a PCRA Petition, "we examine whether the PCRA court's determination is supported by the record and free of legal error." ***Commonwealth v. Fears***, 86 A.3d 795, 803 (Pa. 2014) (internal quotation marks and citation omitted). "The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." ***Commonwealth v. Spotz***, 84 A.3d 294, 311 (Pa. 2014) (citation omitted). Credibility determinations are left to the sound discretion of the PCRA court; this Court will not disturb those determinations on appeal. ***Commonwealth v. Lehr***, 583 A.2d 1234, 1236 (Pa. Super. 1990). Moreover, this Court grants great deference to the PCRA court's findings as long as the record contains any

support for those findings. ***Commonwealth v. Carr***, 768 A.2d 1164, 1166 (Pa. Super. 2001).

With respect to a defendant's right to appeal from his judgment of sentence, this Court has explained:

> The right of a criminal defendant to appeal is guaranteed in the Pennsylvania Constitution, Article V § 9. However, before a court will find ineffectiveness of trial counsel for failing to file a direct appeal, Appellant must prove that he requested an appeal and that counsel disregarded this request. Mere allegation will not suffice; the burden is on Appellant to plead and prove that his request for an appeal was ignored or rejected by trial counsel.

***Commonwealth v. Harmon***, 738 A.2d 1023, 1024 (Pa. Super. 1999) (citations omitted). It is the petitioner's obligation to present facts, and supporting evidence where necessary, of each issue asserted in his PCRA Petition. ***Commonwealth v. Collins***, 687 A.2d 1112, 1115 (Pa. 1996).

As Appellant aptly notes, his issue on appeal challenges the trial court's credibility determination, to which, as a reviewing court, we accord great deference. As to the credibility of Appellant and his trial counsel, the trial court explained its decision to credit counsel's testimony over that of Appellant as follows:

> After carefully reviewing the record before it, this [c]ourt finds that [Appellant] failed to meet his burden of proof and that his testimony is patently self-serving and entirely unsupported by objective evidence. The [c]ourt specifically finds that [Appellant's] testimony that he asked Ms. Clayton to file an appeal at the conclusion of his bench trial before Judge Beloff, and that he subsequently followed up by writing to and calling her, is simply not credible. Furthermore, [Appellant] failed to produce any

evidence or documents supporting this contention. To the contrary, the evidence suggests just the opposite. The [c]ourt notes that not only does [Appellant] have a working knowledge of the judicial system as a result of his extensive criminal record, but was well aware of the procedural steps necessary to protect his appellate rights, as he testified that he knew he had thirty days to file an appeal and that if counsel didn't file a timely appeal on his behalf he would have done it himself "to preserve" his rights. In point of fact, [Appellant] filed the instant *pro se* PCRA [P]etition himself [ ], lending support to his testimony.

In contrast, the [c]ourt finds credible Ms. Clayton's testimony that had [Appellant] requested that she file an appeal, she would have written "appeal" across the face of the file and forwarded it to her office's appellate unit for further action. The [c]ourt further finds that Ms. Clayton's testimony that [Appellant] never asked her to file an appeal is credible and is supported by the evidence of record and is consistent with the evidence of record. Furthermore, as noted above, she did in fact respond to two untimely letters [sent to her supervisor], in which she stated categorically that [Appellant] had never asked her to file an appeal on his behalf.

PCRA Court Opinion, 3/23/16, at 5-6 (citations omitted).

Following our review of the record, including the Notes of Testimony from Appellant's November 24, 2015 PCRA hearing, we agree with the trial court that Appellant "utterly failed to meet his burden of proof and is not entitled to reinstatement of his appellate rights as trial counsel was not ineffective in her representation" of Appellant. *Id.* at 7. Because Appellant failed to offer the PCRA court anything more than unsupported allegations of his counsel's ineffectiveness in support of his claim that he requested that Ms. Clayton file an appeal on his behalf, and the court found Ms. Clayton's

testimony to the contrary credible, the court did not abuse its discretion in denying Appellant's requested relief. Accordingly, Appellant's claim on appeal lacks merit.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/8/2017