J-S95010-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DONNELL NELSON | |
| Appellant | No. 3169 EDA 2015 |

Appeal from the PCRA Order September 18, 2015
In the Court of Common Pleas of Lehigh County
Criminal Division at No: CP-39-CR-0000023-2014; CP-39-CR-0000025-2014; and CP-39-CR-0000027-2014

BEFORE:  STABILE, MOULTON, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED MARCH 13, 2017**

Appellant Donnell Nelson appeals from the September 18, 2015 order of the Court of Common Pleas of Lehigh County ("PCRA court"), which denied his request for collateral relief under the Post Conviction Relief Act (the "Act"), 42 Pa.C.S.A. §§ 9541-46.  Upon review, we affirm

The facts and procedural history of this case are undisputed.  Briefly, on June 12, 2014, Appellant entered into a negotiated plea of *nolo contendere* to two counts of persons not to possess firearms, and two counts of possession of a controlled substance with intent to deliver and received an aggregate sentence of 4½ to 9 years' imprisonment.  Appellant did not file a direct appeal.  On March 2, 2015, Appellant *pro se* filed the instant PCRA petition.  The PCRA court appointed counsel, who filed an amended petition, raising an ineffective assistance of counsel claim.  Specifically, Appellant

alleged that his trial counsel rendered ineffective assistance by failing to file a direct appeal.[1] On September 15, 2015, the PCRA court held a hearing on Appellant's petition, at which his trial counsel testified. Crediting trial counsel's testimony, the PCRA court concluded that Appellant failed to request that an appeal be taken from his judgment of sentence.[2] **See** N.T. PCRA Hearing, 9/18/15, at 32-22. In so doing, the PCRA court denied Appellant relief. Appellant timely appealed to this Court.

On appeal,[3] Appellant argues only that the PCRA court "erred by finding that counsel was not ineffective for failing to take an appeal[.]"

---

[1] Although not clear from his PCRA petition or appellate brief, we assume Appellant seeks to have his direct appeal rights reinstated *nunc pro tunc*.

[2] As we explained in **Commonwealth v. Spencer**, 892 A.2d 840 (Pa. Super. 2006):

> Generally, if counsel ignores a defendant's request to file a direct appeal, the defendant is entitled to have his appellate rights restored. **Commonwealth v. Lantzy**, 736 A.2d 564 (Pa. 1999). In **Lantzy**, our Supreme Court held that an unjustified failure to file a direct appeal upon request is prejudice *per se*, and if the remaining requirements of the PCRA are satisfied, a defendant does not have to demonstrate his innocence or the merits of the issue he would have pursued on appeal to be entitled to relief. However, such relief is appropriate only where the petitioner pleads and proves that a timely appeal was in fact requested and that counsel ignored that request. **Commonwealth v. Harmon**, 738 A.2d 1023, 1024 (Pa. Super. 1999). A mere allegation will not suffice to prove that counsel ignored a petitioner's request to file an appeal.

**Spencer**, 892 A.2d at 842.

[3] "On appeal from the denial of PCRA relief, our standard of review requires us to determine whether the ruling of the PCRA court is supported by the record and free of legal error." **Commonwealth v. Widgins**, 29 A.3d 816, 819 (Pa. Super. 2011).

- 2 -

Appellant's Brief at 6. After careful review of the record and the relevant case law, we conclude that the PCRA court accurately and thoroughly addressed the merits of Appellant's claim. **See** PCRA Court Opinion, 3/8/16, at 4-10. Accordingly, we affirm the PCRA court's September 18, 2015 order. We further direct that a copy of the PCRA court's March 8, 2016 opinion be attached to any future filings in this case.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/13/2017

**IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA**
**CRIMINAL DIVISION**

COMMONWEALTH OF PENNSYLVANIA     |

     vs.          |    No. 23, 25, 27 / 2014

DONNELL NELSON,         |
         Appellant     |

## OPINION

**KELLY L. BANACH, J.:**

On June 12, 2014, the Appellant entered negotiated *nolo contendre* pleas to one count of Possession of Firearm Prohibited (18 Pa.C.S.A. §6501(a)(1)) in case 23 of 2014, one count of Manufacture, Delivery, or Possession With Intent to Manufacture or Deliver (35 P.S. §780-113(a)(30)) and one count of Possession of Firearm Prohibited (18 Pa.C.S.A. §6501(a)(1)) in case 25 of 2014, and one count of Manufacture, Delivery, or Possession With Intent to Manufacture or Deliver (35 P.S. §780-113(a)(30)) in case 27 of 2014. In exchange for the *nolo contendre* pleas, the Commonwealth agreed to bind the Court to minimum sentence of four and one half (4 ½) years, with all cases and counts running concurrently. On the same date, the Appellant was sentenced to serve no less than 4 ½ half years nor more than 9 years of incarceration. At the time, the Appellant was represented by Earl Supplee, Esquire of the Office of the Public Defender of Lehigh County.

On March 2, 2015, the Appellant filed a *pro se* Petition for Post-Conviction Relief. Attorney Robert Sletvold, Esquire was appointed to represent the Appellant and the notes of testimony of the June 12, 2014 Hearing were ordered on March 6, 2015. On June 11, 2015, appointed counsel filed a Motion for Extension of Time to

2

File an Amended PCRA Petition. On June 26, 2015, an Amended PCRA Petition was filed.

On September 18, 2015, a PCRA Hearing was held. Testimony was taken from the Appellant and his trial counsel, Earl Supplee, Esquire, and arguments were made by the Commonwealth and PCRA Counsel Sletvold. At the conclusion of the hearing, the Court denied the PCRA Petition.

The Appellant filed an appeal of the PCRA denial on October 16, 2015 and a Statement of Matters Complained of on Appeal on the same date. This Opinion follows.

## SUMMARY OF THE FACTS

At approximately 5:47 p.m. on August 8, 2013, Sergeant Kyle Hough of the Allentown Police Department Vice and Intelligence Unit was conducting a drug investigation in the area of Fourth and Whitehall Streets, City of Allentown, Lehigh County, Pennsylvania. Previously, arrangements had been made by a Confidential Informant (hereinafter "CI") to call an individual using the street name "Black" to buy a quantity of crack/cocaine by calling cellular telephone 484-347-5135. Allentown Police surveillance units in the area observed the Appellant meet with the CI and make an exchange. The CI then returned to the police officers after the exchange was completed and gave a quantity of cocaine to the Allentown Police Department. It field tested positive for cocaine and weighed two grams. A cellular telephone with number 484-347-5135 was found on Mr. Nelson at a later point in time.

On September 17, 2013, at 11:40 a.m. Allentown Police responded to 325 South West Street, Apartment 1-A, City of Allentown, Lehigh County, Pennsylvania for a domestic disturbance. It was alleged that the Appellant had a firearm and that he had assaulted his step-daughter and his wife. The police responded and located a

3

Smith and Wesson .38 revolver with serial number JA2363 in the kitchen area. It was later determined that the Appellant has a felony burglary conviction from North Carolina in 1999, which made him a person not permitted to possess a firearm.

On the same date, the Appellant's wife, Denise McCoy, was present at 325 South West Street, Apartment 1-A, and gave consent to the police search that apartment. A number of items were located inside of the apartment, in addition to the Smith and Wesson .38 revolver with serial number JA2363. Specifically, in the bedroom ceiling 20 bags of crack cocaine (weighing 81.2 grams) were found. Documents belonging to the Appellant were also found in the residence.

During surveillance on September 17, 2013, members of the Lehigh County Drug Task Force observed the Appellant carry a safe from the residence and place it in the trunk of a silver Impala. A search warrant for the vehicle and for the safe inside the trunk was obtained and a .22 caliber revolver, serial number 20025, was located inside the trunk of the vehicle. Again, based on the 1999 felony burglary conviction, the Appellant was not permitted to possess a firearm.

## DISCUSSION AND CONCLUSIONS OF LAW

In his Statement of Matters Complained of on Appeal, the Appellant argues that the Court erred when it failed to find trial counsel (Attorney Supplee) ineffective when he failed to file an Appeal from the judgement of sentence.

At the PCRA Hearing, held on September 18, 2015, the Court heard testimony from the Appellant, as well as Attorney Supplee. The Appellant testified that he believed that at the time of sentencing that all of his sentences were going to run concurrently, including sentences imposed in Northampton County. Immediately after he was sentenced, the Appellant testified that he spoke to Attorney Supplee while still

4

in the courtroom about filing an Appeal in this matter to ensure that the agreement for concurrency would be enforced.

On cross-examination, the Appellant admitted that although he was sentenced in Northampton County on December 13, 2013 for charges of Driving Under the Influence and Fleeing and Eluding Police, those charges were never discussed at the time of the *nolo contendre* plea or at the time of Sentencing. The Appellant indicated that when he requested Attorney Supplee to file an appeal, immediately following sentencing while still in the courtroom, he was upset with Attorney Supplee's representation and not about the time credit issue with Northampton County case and concurrency with the Lehigh County cases.

The Appellant testified that Attorney Supplee never contacted him regarding an appeal, but that his family members contacted Attorney Supplee regarding the Appellant's desire to appeal his sentence. He was unable to tell the Court when the family members attempted contact with Attorney Supplee.

Attorney Supplee was called to testify. He stated that he has been with the Office of the Public Defender since 1989 and has participated in thousands of cases. Attorney Supplee testified that in the Appellant's case, he represented the Appellant from the time of the Preliminary Hearing and had met with him several times prior to the Appellant entering his negotiated *nolo contendre* plea. Attorney Supplee testified that he had notes in his file that he saw the Appellant after he had returned to the Lehigh County Jail from a writ lodged by Northampton County. He did not know the particulars of the case(s) in Northampton County though, nor did he recall if he discussed the Northampton County charges with the Appellant. He further indicated that the plea negotiations between the Appellant and the Commonwealth never included any reference to the Northampton County charges. The negotiated plea

5

included binding the Court to a minimum sentence and for several charges against the Appellant to be withdrawn.

Attorney Supplee recalled the June 12, 2014 *nolo contendre* plea and sentencing hearing. After the sentences in these matters were imposed, Attorney Supplee testified that:

> ...I told him what I tell my clients after sentencing. If it's been a binding agreement that the Court goes along with that, I'll tell them, listen, the Court went along with the agreement, I don't plan on filing anything. If you want anything filed, you have to contact me after the fact.
> This was a binding plea. He got the benefit of the bargain. He accepted it. There's no appeal issues. So I would have told him, listen, if you want something done, you've got to contact me. And he never asked me to file anything. I would have brought it right to the Court's attention that if he didn't want the plea to try to withdraw it right away. There's no rights to appeal, nothing to file. He did not ask me at all to file an appeal that day.
>
> N.T. September 18, 2015, 20-21.

Further, Attorney Supplee testified that he had no further contact with Appellant after the Appellant exited the courtroom on June 12, 2014. Attorney Supplee recalled that members of the Appellant's family did contact him, but not with regard to the Appellant's desire to appeal. Rather, they were contacting Attorney Supplee in an effort to have personal documents recovered during the execution of the search warrant of the safe returned to the family. "But they never mentioned anything that Mr. Nelson wanted any kind of appeal." *Id.*at 22.

"To be eligible for relief, a PCRA petitioner must establish by a preponderance of the evidence that his conviction or sentence resulted from one or more of the circumstances enumerated in Section 9543(a)(2) of the PCRA, and that the allegation of error has not been previously litigated or waived." *Commonwealth v. Baumhammers,*

6

92 A.3d 708, 714 (Pa. 2014). In the case at bar, the Appellant alleges that his attorney was ineffective in failing to file an Appeal.

We note that the law presumes that counsel has rendered effective assistance to his/her client and that the petitioner bears the burden of proving the contrary. *Commonwealth v. Copeland*, 554 A.2d 54, 58 (Pa.Super. 1988)(internal citations omitted); *Commonwealth v. Rivers*, 786 A.2d 923, 927 (Pa. 2000). Additionally, "[t]o obtain relief on a claim of ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient and that such deficiencies prejudiced the petitioner." *Strickland v. Washington*, 466 U.S. 668, 687, (1984). "[A] petitioner establishes prejudice when he demonstrates 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A properly pled claim of ineffectiveness posits that: (1) the underlying legal issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice befell petitioner from counsel's act or omission.'" *Commonwealth v. Tedford*, 960 A.2d 1, 12 (Pa. 2008)(citing *Strickland* at 694). Furthermore, a claim of ineffectiveness must be rejected if the petitioner fails to satisfy any of the prongs. *Commonwealth v. Fitzgerald*, 979 A.2d 908, 910 (Pa.Super. 2009). If the appellant is unable to demonstrate prejudice, the first two prongs of the ineffective examination need not be addressed. *Commonwealth v. Chmiel*, 889 A.2d 501, 540 (Pa. 2005).

"The right of a criminal defendant to appeal is guaranteed in the Pennsylvania Constitution, Article V § 9. However, before a court will find ineffectiveness of trial counsel for failing to file a direct appeal, Appellant must prove that he requested an appeal and that counsel disregarded this request." *Commonwealth v. Harmon*, 738 A.2d 1023, 1024 (Pa.Super. 1999)(citing *Commonwealth v. Lehr*, 583 A.2d 1234, 1235

7

(Pa.Super. 1990)). "Mere allegation will not suffice; the burden is on Appellant to plead and prove that his request for an appeal was ignored or rejected by trial counsel." *Harmon* at 1024 (citing *Commonwealth v. Collins*, 546 Pa. 616, 622, 687 A.2d 1112, 1115 (1996); *Commonwealth v. Fanase*, 446 Pa.Super. 654, 667 A.2d 1166, 1169 (Pa.Super. 1995)).

"[I]n *Roe v. Flores–Ortega*, 528 U.S. 470, 120 S.Ct. 1029, the United States Supreme Court recognized an ineffective assistance of counsel claim based upon trial counsel's failure to consult with his client concerning the client's right to file a direct appeal from his judgment of sentence." *Commonwealth v. Carter*, 21 A.3d 680, 682 (Pa.Super. 2011). The Pennsylvania Superior Court "applied *Roe* to a Pennsylvania criminal defendant seeking to appeal from his judgment of sentence in *Commonwealth v. Touw*, 781 A.2d 1250 (Pa.Super.2001)." *Id.*at 682-83.

In *Roe*, the Court began its analysis by determining "whether counsel in fact consulted with the defendant about an appeal" and defined "'consult' as 'advising the defendant about the advantages and disadvantages of taking an appeal and making a reasonable effort to discover the defendant's wishes.'" *Carter* at 683.

> If counsel has not consulted with the defendant, the court must in turn ask a second, and subsidiary, question: whether counsel's failure to consult with the defendant itself constitutes deficient performance. That question lies at the heart of this case: Under what circumstances does counsel have an obligation to consult with the defendant about an appeal?
>
> *Id.* (citing *Roe*, at 478, 120 S.Ct. 1029).

The Court answered the question by holding:

> [C]ounsel has a constitutionally-imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are non-frivolous grounds for appeal), or (2) that this particular defendant reasonably

8

> demonstrated to counsel that he was interested in appealing. In making this determination, courts must take into account all the information counsel knew or should have known.
>
> *Id.* (citing *Roe* at 480, 120 S.Ct. 1029).

> A deficient failure on the part of counsel to consult with the defendant does not automatically entitle the defendant to reinstatement of his or her appellate rights; the defendant must show prejudice. The *Roe* Court held that "to show prejudice in these circumstances, a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed."
>
> *Id.*

The Appellant argues that Attorney Supplee was ineffective for failing to file an Appeal with the Superior Court. The Appellant testified that he told Attorney Supplee immediately following his Sentencing Hearing while still in the courtroom that he wished to Appeal. Further, he suggested that his family members called Attorney Supplee to tell him that the Appellant wished to file an appeal. The Appellant did not provide evidence or call any further witnesses at the PCRA Hearing to substantiate either of his assertions of contact. Attorney Supplee indicated that he did not recall any conversation with the Appellant regarding the Appellant's desire to appeal his sentence while the Appellant was still in the courtroom. He testified that in situations where a binding agreement is, in fact, imposed by the Court, it is his practice to inform his clients that the client must contact Attorney Supplee if he wants additional motions to be filed. Further, Attorney Supplee recalled that the Appellant's family members did contact him, but only with regard to retrieving family documents seized by the police, and that he did, in fact, assist the family with regaining the documents.

In this case, the Appellant failed to provide the Court with any testimony or evidence that he contacted Attorney Supplee regarding an appeal. Absent any indication that the appellant wanted to file an appeal, Attorney Supplee did not have

an obligation to consult with him regarding an appeal. Counsel only has a duty to consult with his client about an appeal when counsel has "reason to think either (1) that a rational defendant would want to appeal . . . , or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Commonwealth v. Carter,* 21 A.3d 680, 683 (Pa.Super. 2011).

Attorney Supplee had no reason to think that the Appellant would want to appeal his sentence. The Appellant plead *nolo contendre* to specific counts of each of the Informations, in exchange for the Commonwealth agreeing to bind the Court to a minimum of 4 ½ years of incarceration. The Court, following the agreement, sentenced the Appellant to serve no less than 4 ½ years nor more than 9 years of incarceration, to be served concurrently between all counts and cases. When the Court abided the agreement reached between the Appellant and the Commonwealth, Attorney Supplee had no reason to believe that the Appellant would want to file an Appeal. Accordingly, the Appellant's claim that counsel was ineffective for not filing an appeal is meritless.

Because the Appellant is unable to satisfy the prejudice prong of the ineffectiveness of counsel test, we need not explore the remaining two prongs of the analysis.

CONCLUSION

For all of the foregoing reasons, the Court believes that the Appellant's claims of ineffectiveness of trial counsel are without merit and that the decision to deny the instant PCRA Petition should be affirmed.

By the Court:

_____
Kelly L. Banach, J.

10