J-S09022-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HUNG THACH | : | |
| | : | |
| Appellant | : | No. 1838 EDA 2018 |

Appeal from the PCRA Order Entered May 25, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0010954-2008

BEFORE:   SHOGAN, J., LAZARUS, J., and COLINS, J.[*]

MEMORANDUM BY LAZARUS, J.:                **FILED MARCH 27, 2020**

Hung Thach appeals, *pro se*, from the order, entered in the Court of Common Pleas of Philadelphia County, denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  Upon careful review, we affirm.

On April 5, 2010, a jury found Thach guilty of first-degree murder and related charges stemming from the shootings of Synia Keo and Michael Palmieri on June 19, 2008.  Palmieri survived his wounds, while Keo died.[1]  On May 5, 2010, the court sentenced Thach to life imprisonment for first-degree murder, with concurrent sentences for the other convictions.  Thach's post-

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Thach was charged at two different docket numbers, one for each victim. This appeal involves only docket number CP-51-CR-0010954-2008, relating to victim Synia Keo.

sentence motions were denied, and this Court affirmed his judgment of sentence. *See Commonwealth v. Thach*, 2811 EDA 2010 (Pa. Super. filed Sept. 6, 2012) (unpublished memorandum). Our Supreme Court denied allowance of appeal on June 6, 2013, *see Commonwealth v. Thach*, 68 A.3d 907 (Pa. 2013) (Table), and the United States Supreme Court denied Thach's petition for writ of certiorari on November 4, 2013. *See Thach v. Pennsylvania*, 571 U.S. 996 (2013).

On December 9, 2013, Thach filed a *pro se* PCRA petition. The court appointed counsel, who filed a *Turner*/*Finley*[2] "no-merit" letter and motion to withdraw as PCRA counsel on September 6, 2017. In response to the PCRA court's Pa.R.Crim.P. 907 notice of intent to dismiss, Thach filed a response on May 18, 2018. On May 25, 2018, the court formally dismissed Thach's petition. This timely appeal follows, in which Thach raises the following claims for our review:

> 1. Was trial counsel . . . ineffective in his representation of [Thach] by advising him not to accept the Commonwealth's offer to plead guilty to third[-]degree murder and a sentence recommendation of 25-50 years?
>
> 2. Was trial counsel . . . ineffective in his representation of [Thach] by not petitioning the court for a Cambodian interpreter for trial?
>
> 3. Was post[-]conviction counsel . . . ineffective for not pursuing the claims of ineffectiveness of trial and appellate counsel and the trial court erred in dismissing the [PCRA petition] without a hearing?

---

[2] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (en banc).

Brief of Appellant, at 4 (unnecessary capitalization omitted).

This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by evidence of record and is free of legal error. *Commonwealth v. Burkett*, 5 A.3d 1260, 1267 (Pa. Super. 2010) (citations omitted). In evaluating a PCRA court's decision, our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level. *Id.*

All of Thach's claims assert the ineffectiveness of counsel. "It is well-established that counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him." *Commonwealth v. Koehler*, 36 A.3d 121, 132 (Pa. 2012), citing *Strickland v. Washington*, 466 U.S. 668, 687–91 (1984). To prove that counsel was ineffective, a petitioner must plead and prove that: (1) the underlying legal issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) he was prejudiced by counsel's act or omission. *Koehler*, 36 A.3d at 132. Failure to prove any prong of this test will defeat an ineffectiveness claim. *Commonwealth v. Fears*, 86 A.3d 795, 804 (Pa. 2014).

In his PCRA petition, Thach claimed that trial counsel was ineffective for advising him not to accept the Commonwealth's offer to plead guilty to third-degree murder and proceed to trial because "our defense would prove that I was guilty of third-degree murder." PCRA Petition, 12/9/13, at 2. Thach

asserted that he wished to plead guilty because he was guilty and that counsel's trial strategy was a "hailmary [sic] attempt to have [Thach] found guilty of third[-]degree murder [with] special circumstances." *Id.* at 3. In his response to the PCRA court's Rule 907 notice, Thach further argued that he did not want to "test the evidence," but rather accept the best possible outcome. Rule 907 Response, 5/18/18, at 5. Thach is entitled to no relief.

A claim that counsel was ineffective during the plea-bargaining process is cognizable under section 9543(a)(2)(ii) of the PCRA. *Commonwealth ex rel. Dadario v. Goldberg*, 773 A.2d 126, 130 (Pa. 2001). A criminal defendant has the right to effective counsel during the plea process, as well as during a trial. *Commonwealth v. Robinson*, 185 A.3d 1055, 1063 (Pa. Super. 2018) (en banc) (citations omitted). Counsel has a duty to explain to his client the advantages and disadvantages of accepting or rejecting a plea. *Commonwealth v. Boyd*, 688 A.2d 1172, 1174 (Pa. 1997), *overruled on other grounds by Commonwealth ex. rel. Dedario*, *supra*.

We begin by noting that Thach's claim is both confusing and illogical. It defies credulity that any attorney would advise his client to reject a plea to third-degree murder, in order to pursue a defense at trial in the hope of obtaining for his client a conviction for that very same offense. In any event, Thach's claim is belied by the record. Prior to trial, the court engaged in two separate colloquies with Thach in which Thach acknowledged that counsel had consulted with him regarding his options and that he made a knowing, intelligent, and voluntary decision to reject the Commonwealth's plea offer

and proceed to trial. The court first colloquied Thach during *voir dire* as follows:

> THE COURT: Do you understand you have had an opportunity to talk with [counsel] about the plea negotiation that was offered in this case?
>
> DEFENDANT THACH: Yes.
>
> THE COURT: And, Mr. Barry, what is the plea negotiation?
>
> MR. BARRY: Third-degree murder and conspiracy, twenty-five to fifty years.
>
> THE COURT: Did Mr. Siegel relay to you the offer to plead guilty to murder in the third degree and conspiracy for a total sentence of twenty-five to fifty years in prison? Do you understand that?
>
> DEFENDANT THACH: Yes.
>
> THE COURT: And did you discuss -- I don't want to know what you talked about, but did you talk with Mr. Siegel about the various pros and cons about the offer being presented by the Commonwealth?
>
> DEFENDANT THACH: Yes.
>
> THE COURT: Now, do you understand that the charge of murder is a charge of murder generally that includes murder in the first degree, and if the jury finds through the evidence, and all I know about the case is what I've just read in the summary to the jury, do you understand if the jury returns with a guilty verdict of murder in the first degree or murder in the second degree, in both of those instances, that there's a mandatory life in prison without parole and the Court has no discretion? Do you understand that?
>
> DEFENDANT THACH: Yes.
>
> THE COURT: Now, having discussed this with your attorney, being aware of the offer from the Commonwealth, did you make a decision as to whether or not you wanted to accept the plea or go to trial?
>
> DEFENDANT THACH: Go to trial.

> THE COURT: Did anybody force you, threaten you, intimidate you, or promise you anything to make that decision?
>
> DEFENDANT THACH: No.
>
> THE COURT: Did you make that decision on your own voluntarily and of your own free will after having met with your attorney and having had an opportunity to discuss this?
>
> DEFENDANT THACH: Yes.

N.T. Trial, 3/23/10, at 126-128.

Subsequently, after additional ballistics evidence became available just prior to the commencement of trial, the court again confirmed that Thach wished to reject the Commonwealth's plea offer:

> THE COURT: Good morning, Gentlemen. I wanted to speak to you before the jury came out because the prosecutor this morning informed me that the ballistics exam was finally completed and that the bullets from the body of the victim match the weapon that was found in this case. So I've already colloquied each of you concerning whether or not you wanted to accept the Commonwealth's offer. I am advising you that this evidence, because it was just done, I'm telling you about it. I'm going to give you an opportunity now to speak for a few moments to your attorney as long as you like, actually to decide whether or not you wish to accept, with this additional information, a plea offer that was made to you by the Commonwealth. After you've spoken to your attorneys, you can advise them whether you do or do not wish to accept the offer. So you may be seated and you may talk to both of your lawyers.
>
> - - -
>
> (ATTORNEYS AND CLIENTS CONFER)
>
> - - -
>
> THE COURT: You can both stand.
>
> (Defendants rise)
>
> THE COURT: Mr. Thach, have you had an opportunity to discuss the additional information with your lawyer?

- 6 -

THE DEFENDANT: Yes.

THE COURT: After having spoken to your lawyer, is your decision the same; do you wish to be tried by a jury, or do you wish to enter into a negotiated plea?

THE DEFENDANT: Tried by a jury.

THE COURT: You may be seated.

. . .

THE COURT: . . . The Court is satisfied that the two defendants have been advised of the additional information.  And in light of the very lengthy colloquy that we did last week they've made a decision knowingly, intelligently and voluntarily.  The Court will also note I gave them time to speak with their lawyers concerning this issue.

So with that I think we're finally ready to bring in the jury.

N.T. Trial, 3/30/10, at 4-6.

The foregoing exchanges between Thach and the court demonstrate that Thach consulted with his counsel, understood the Commonwealth's plea offer, weighed the risks and benefits, and made a knowing, intelligent, and voluntary decision to proceed to trial.  A defendant has a duty to answer questions truthfully and cannot later assert that he lied under oath. ***Commonwealth v. Turetsky***, 925 A.2d 876 (Pa. Super. 2007).  Thach is unable to establish the underlying basis for his claim—that he wished to enter a guilty plea and not "test the evidence" at trial—without asserting that he lied under oath during his colloquies with the court.  Accordingly, his claim lacks arguable merit and the PCRA court properly denied relief.

Thach next asserts that trial counsel was ineffective for failing to petition the court for a Cambodian interpreter for him during trial.  Thach did not raise

this claim in his PCRA petition, nor did he move to amend his petition to include the claim. Rather, he raised the claim for the first time in his response to the PCRA court's Rule 907 notice. "[I]n order to properly aver a new non-PCRA counsel ineffectiveness claim, [a] petitioner must seek leave to amend his petition." *Commonwealth v. Rykard*, 55 A.3d 1177, 1192 (Pa. Super. 2012). *See Commonwealth v. Derrickson*, 923 A.2d 466, 469 (Pa. Super. 2007) (where, upon receipt of Rule 907 notice of intent to dismiss, petitioner desired to newly allege exceptions to PCRA time bar, petitioner required to seek leave to amend petition to present such allegations). Accordingly, because Thach did not seek leave to amend his petition to include this new allegation of trial counsel's ineffectiveness, he has failed to preserve it for appellate review.[3]

---

[3] Even if Thach had properly preserved this claim, it is belied by the record and, therefore, we would find it to be without merit. Thach engaged in the following exchange with the court during the colloquy concerning his decision not to testify:

THE COURT: Mr. Thach, how old are you?

THE DEFENDANT: Twenty-seven.

THE COURT: How far did you go in school?

THE DEFENDANT: Ninth grade.

THE COURT: And I know from our previous conversation you—I understand that you can read and write and understand English, but it is at the level of your education; is that correct?

THE DEFENDANT: Yes.

Finally, Thach asserts that PCRA counsel provided ineffective assistance by failing to pursue claims of trial and direct appellate counsel ineffectiveness.[4] In his response to the PCRA court's Rule 907 notice, Thach claimed that, in the 3½ years between the time he was appointed and the time he submitted his "no-merit" letter, counsel never contacted Thach to discuss his PCRA claim or any other issues he might wish to raise. Thach further alleged that PCRA counsel filed a "pre-printed" *Turner*/*Finley* letter and failed to properly review the record to discover such mistakes as appellate counsel's misidentification of the victims. Thach requests that his case be remanded to the PCRA court for a full hearing. He is entitled to no relief.

Thach's allegation of PCRA counsel's ineffectiveness rests on a bald, unsupported allegation that counsel failed to consult with him regarding

---

THE COURT: But you understand English when it is spoken to you; am I correct?

THE DEFENDANT: Yes.

N.T. Trial, 4/1/10, at 53.

[4] In its opinion, the PCRA court incorrectly found that Thach waived this claim because he raised it for the first time in his Rule 1925(b) statement. *See* PCRA Court Opinion, 5/7/19, at 2 n.2. Thach did, in fact, raise the claim in his response to the court's Rule 907 notice, thus preserving it for our review. *See Commonwealth v. Rykard*, 55 A.3d 1177, 1189 (Pa. Super. 2012) (petitioner must raise allegations of ineffective assistance of PCRA counsel in the Rule 907 response); *Commonwealth v. Pitts*, 981 A.2d 875, 880 n.4 (Pa. 2009) (petitioner's failure to challenge PCRA counsel's stewardship in response to court's Rule 907 notice waives issue on appeal).

possible additional claims. However, Thach fails to specify what claims—other than those we have disposed of above—he would have wished to raise in an amended PCRA petition. Nor does he even attempt to apply the three-pronged **Strickland** test to demonstrate the merit of his claims. **See Commonwealth v. Albrecht**, 720 A.2d 693, 701 (Pa. 1998) (appellant only entitled to relief where each element of ineffectiveness test satisfied). Moreover, "PCRA hearings are not discovery expeditions; rather, they are conducted when necessary to offer the petitioner an opportunity to prove that which he already has asserted[.]" **Commonwealth v. Sneed**, 45 A.3d 1096, 1107 (Pa. 2012). Because Thach has failed to present any specific claims he believes counsel should have raised in an amended PCRA petition, or to demonstrate that he was prejudiced by any such omissions, he is entitled to neither a hearing nor reversal of the PCRA court's order denying relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/27/2020

- 10 -