J-S13007-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRIAN KEITH ISBELL | : | |
| | : | |
| Appellant | : | No. 1218 WDA 2023 |

Appeal from the PCRA Order Entered July 12, 2022
In the Court of Common Pleas of Westmoreland County Criminal Division
at No(s):  CP-65-CR-0003323-2015

BEFORE:   KUNSELMAN, J., BECK, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                **FILED:  May 20, 2024**

Appellant, Brian Keith Isbell, appeals from the order of the Court of Common Pleas of Westmoreland County dismissing his petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, in which he alleged trial counsel provided ineffective assistance in the plea-bargaining process causing him to forgo a favorable negotiated plea offer to his detriment.  We affirm.

The PCRA court sets forth an apt recitation of facts and procedural history, as follows:

> On September 2, 2015, the Commonwealth filed a Criminal Information charging the Defendant, Brian Keith Isbell [(hereinafter, "Appellant")] with two counts of Involuntary Deviate Sexual Intercourse, in violation of 18 Pa.C.S.A. § 3123(a)(7); one count of Endangering Welfare of Children, in violation of 18 Pa.C.S.A. § 4304(a); and two counts of Aggravated

---

[*] Former Justice specially assigned to the Superior Court.

Indecent Assault, in violation of 18 Pa.C.S.A. § 3125(7) [for conduct against his step-daughter allegedly committed from 1998 to 2002.]

Appellant proceeded to a jury trial from April 3-5, 2017, before the Honorable Rita Hathaway. Appellant was represented by Nicole Nino, Esq. at trial.

. . .

The jury returned a verdict of "Guilty" at all counts. On July 5, 2017, Judge Hathaway sentenced Appellant as follows: At Count One, serve 6-20 years of incarceration. At Count Two, serve 6-20 years of incarceration concurrent to Count One. At Count Three, serve 1-5 years of incarceration consecutive to Count One. At Count Four, serve 3-10 years of incarceration consecutive to County One. At Count Four, serve 3-10 years of incarceration consecutive to Count Three. At Count Five, serve 3-10 years of imprisonment concurrent to count Four. The total aggregate sentence was 10-35 years of imprisonment. Appellant was found not to be a Sexually Violent Predator, but his charges required lifetime registration.

On or about July 17, 2017, through appellate counsel, Suzanne Swan, Esq., Appellant filed Post-Sentence Motions, which were ultimately denied on September 25, 2017. Appellant filed a timely Notice of Appeal from the judgment of sentence to the Superior Court of Pennsylvania on or about October 23, 2017. The Superior Court affirmed Appellant's judgment of sentence on October 22, 2018. *Commonwealth v. Isbell*, 1619 WDA 2017 (Pa. Super. 2018). The Superior Court found that the trial court did not abuse its discretion in denying the motion for a new trial on the grounds that the guilty verdicts were contrary to the weight of the evidence presented. *Id.* at 3. Additionally, the Superior Court found that the trial court did not abuse its discretion in sentencing. *Id.* at 6.

Appellant filed a Petition for Allowance of Appeal to the Pennsylvania Supreme Court on November 21, 2018. The Pennsylvania Supreme Court denied Appellant's Petition on March 27, 2019.

Appellant filed a timely [PCRA petition] through privately retained PCRA counsel, Rachael Santoriella, Esq., on or around August 21, 2019. Appellant alleged multiple ineffective assistance of counsel

- 2 -

allegations. [For purposes of the present appeal, only Appellant's allegation of trial counsel's ineffective assistance of counsel with respect to the plea-bargaining process, namely, failing to advise him properly of the applicable SORNA[1] registration requirements attendant to his plea, is pertinent.] On or about July 12, 2022, the PCRA Court ultimately denied the PCRA] Petition.

[After the PCRA Court granted Appellant's *nunc pro tunc* request to reinstate his rights to file an appeal from the PCRA Court order denying his PCRA petition, this counseled timely appeal followed].

PCRA Court Rule 1925(a) Opinion, 12/5/23, at 1, 2-3.

Appellant raises the following issue for our review:

"Did the [PCRA] Court err in concluding that Mr. Isbell did not receive ineffective assistance of counsel based upon [] counsel's failure to fully advise Mr. Isbell of a plea offer?"

Brief of Appellant at 4.

We begin with a discussion of the pertinent legal principles. Our "review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record and whether its conclusions of law are free from legal error." ***Commonwealth v. Staton***, 184 A.3d 949, 954 (Pa. 2018) (internal citation and quotations omitted). This Court must "grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions." ***Commonwealth v. Dozier***, 208 A.3d 1101, 1103 (Pa. Super. 2019) (quoting ***Commonwealth v. Brenner***, 147 A.3d 915, 919 (Pa. Super. 2016)). "[W]here the petitioner raises

---

[1] Sexual Offender Registration and Notification Act, 42 Pa.C.S.A. §§ 9799.10 et seq.

- 3 -

questions of law, our standard of review is *de novo* and our scope of review is plenary." ***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citation omitted). Finally, we "may affirm a PCRA court's decision on any grounds if the record supports it." ***Id***.

In reviewing claims of ineffectiveness, counsel is presumed to be effective, and a PCRA petitioner bears the burden of proving otherwise. ***Commonwealth v. Becker***, 192 A.3d 106, 112 (Pa. Super. 2018). To do so, the petitioner must plead and prove (1) the legal claim underlying his ineffectiveness claim has arguable merit; (2) counsel's decision to act (or not) lacked a reasonable basis designed to effectuate the petitioner's interests; and (3) prejudice resulted. ***Id***. The failure to establish any one of these prongs is fatal to a petitioner's claim. ***Id***. at 113.

Regarding ineffective assistance of counsel cases pertaining to the plea-bargaining process, the appellant must prove that but for the ineffective advice of counsel there is a reasonable probability that the appellant would have accepted the terms of the offer. ***See Lafler v. Cooper***, 132 S.Ct. 1376 (U.S. 2012). This Court has recognized,

> "Defendants have a Sixth Amendment right to counsel, a right that extends to the plea-bargaining process. During plea negotiations defendants are entitled to the effective assistance of competent counsel." ***Lafler***[, ***supra***]; ***Commonwealth v. Marinez***, 777 A.2d 1121, 1124 (Pa. Super. 2001). "[A]s a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." ***Missouri v. Frye***, 566 U.S. 134, 132 (2012). Moreover, counsel "has a duty to communicate to his client, not only the details of a plea bargain offer, but also

the relative merits of the offer compared to the defendant's chances at trial," *Commonwealth v. Napper*, 385 A.2d 521, 524 (Pa. Super. 1978), and "the advantages and disadvantages of accepting or rejecting it." *Commonwealth v. Boyd*, 688 A.2d 1172, 1174 (Pa. 1997). The defendant "cannot make an informed choice without such assistance from counsel." *Id*. The PCRA affords relief where a defendant's attorney fails to provide effective representation in the context of plea negotiations. *Napper*, 385 A.2d at 524.

*Commonwealth v. Callum*, 301 A.3d 923 (Pa. Super. 2023) (non-precedential decision).[2]

Appellant avers that trial counsel ineffectively failed to advise him of the SORNA registration obligations that would have applied if he accepted the Commonwealth's plea offer and pleaded guilty accordingly.[3] Brief of

---

[2] *See* Pa.R.A.P. 126(b) (stating that non-precedential decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value).

[3] At the time of Appellant's April 2017 pretrial plea negotiations, he was subject to SORNA I. In response to *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017) (plurality), *cert. denied*, 583 U.S. 1107, 138 S.Ct. 925, 200 L.Ed.2d 213 (2018) and *Commonwealth v. Butler*, 173 A.3d 1212 (Pa. Super. 2017) ("*Butler I*"), *rev'd*, 657 Pa. 579, 226 A.3d 972 (2020) ("*Butler II*"), the Pennsylvania General Assembly amended SORNA I by enacting Act 10 on February 21, 2018, and Act 29 on June 12, 2018, which are collectively known as SORNA II. *See* Act of Feb. 21, 2018, P.L. 27, No. 10 ("Act 10"); Act of June 12, 2018, P.L. 140, No. 29 ("Act 29"). SORNA II now divides sex offenders into two subchapters: (1) Subchapter H, which applies to an offender who committed a sexually violent offense on or after December 20, 2012 (the date SORNA I became effective); and (2) Subchapter I, which applies to an individual who committed a sexually violent offense on or after April 22, 1996, but before December 20, 2012, whose period of registration has not expired, or whose registration requirements under a former sexual offender registration law have not expired.

Appellant, therefore, is currently subject to the registration requirements under Subchapter I of SORNA II. *See* 42 Pa.C.S.A. 9799.15(b) (lifetime
*(Footnote Continued Next Page)*

Appellant, at 7-8.[4] To advance this ineffectiveness claim at the PCRA hearing, Appellant called trial counsel as a witness. Trial counsel confirmed that Appellant had rejected an offer to plead guilty in exchange for a sentence that was well below the mitigated range of the guidelines. N.T., (PCRA Hearing)

---

registration requirements for individuals with two or more convictions of offenses included in subsection (a) which include indecent assault convictions where the offense was graded as a misdemeanor of the first degree or higher and was committed on or after April 22, 1996, but before December 20, 2012). Because our Supreme Court has held that Subchapter I of SORNA II is not punitive, it may be retroactively applied to Appellant. ***See Commonwealth v. Lacombe***, 234 A.3d 602, 626-27 (Pa. 2020) (holding that the registration requirements in Subchapter I of SORNA II are non-punitive and, thus, retroactive application of those requirements does not violate the constitutional proscription against *ex post facto* laws).

To the extent the lower court may not have provided Appellant with proper notification of the applicable registration requirements under Subchapter I of SORNA II, we remand this matter to direct it to do so pursuant to this decision. ***See Commonwealth v. Haughwout***, 304 A.3d 778 (Pa. Super. 2023) (non-precedential decision cited for its persuasive value).

[4] On the scheduled first day of Appellant's jury trial, the trial court conducted a final pre-trial conference discussing the Commonwealth's proposed plea agreement whereby Appellant would plead guilty to a misdemeanor count of Indecent Assault ("IDSI"), 18 Pa.C.S. § 3126(a)(8) (victim under age 16, defendant four or more years older), in exchange for a recommended sentence of 11 ½ to 23 months' incarceration with the required SORNA registration. The standard range sentence for IDSI after factoring Appellant's prior record score of 1 was 54 to 72 months' incarceration. N.T., 4/3/17, at 7-8. The trial court advised Appellant that although it was not making a judgment at the time, if a jury were to find him guilty of the charged offenses, he could expect a sentence at the standard range, if not greater. N.T. at 10. Trial counsel acknowledged that she had explained the relationship of the offer to the possible sentence he faced, and Appellant corroborated trial counsel's account, as he indicated to the trial court that he was "denying the offer." N.T. at 10. Subsequently, at Appellant's PCRA hearing, he confirmed that at the time of the pre-trial conference he was aware that a 25-year registration requirement was part of the plea offer.

- 6 -

10/21/19, at 8. She described how Appellant maintained his position of refusal despite many attorney-client conversations in which trial counsel described the plea offer as "generous." N.T. at 8-9.

According to trial counsel, Appellant told her "multiple times" that he "did not commit the crime and he would not do one day let alone 11 ½ to 23 months." N.T. at 8. Nevertheless, conversations between them regarding the plea continued up until trial, trial counsel explained, as Appellant was serving pre-trial detention and became more amenable to discussing his options. Still, their conversations ended with Appellant refusing to accept the offer. She testified, "His hang up, if I may, was the Megan's Law or the SORNA registration." N.T. at 18. Even though Appellant knew that the proposed offer imposed a sentence below the mitigated range of the sentencing guidelines, trial counsel maintained, "it ultimately for him came down to having to register as a sex offender." N.T. at 18.

Appellant testified at his PCRA hearing, and he admitted being informed pretrial of both the Commonwealth's offer of an 11 ½ to 23-month county sentence to be served in Tennessee where he was currently incarcerated and his obligation to complete 25 years of SORNA registration and reporting afterward as a Tier II sex offender. N.T. at 26. He claimed, however, that he never got the chance to ask trial counsel what "range of options" he had, such as what would happen if he accepted the plea but the trial court altered or rejected it. He also contended that he needed to confer with trial counsel

about the difference between lifetime registration and 25 years' registration before he could make a knowing plea. N.T. at 28-29.

While Appellant informed the trial court at the pretrial conference that he was "still speaking it over with [his] attorney" when asked if he was rejecting the 11 ½ to 23 month plea offer, *see* N.T., 4/3/17, at 9, he neither denied having been advised of the 25-year SORNA registration requirement accompanying the plea nor indicated to the trial court or trial counsel that he lacked understanding of the 25-year registration requirement. Instead, his statements in court were that he was still considering whether to accept the plea despite the commencement of his jury trial being just minutes away. Asked one final time by the trial court if he was accepting or rejecting the plea offer, Appellant said he was rejecting it. N.T. at 10. After the trial court attended to unresolved pretrial housekeeping matters, it called for the jury, and Appellant's trial began. N.T. at 11-27.

Our review of this record establishes that both the trial court and trial counsel advised Appellant he would be subject to a 25-year SORNA registration requirement if he accepted the Commonwealth's plea offer and pleaded guilty to a misdemeanor indecent assault charge. Appellant, himself, acknowledged this at the PCRA hearing. Yet, he asserts he received no guidance from counsel on purportedly vital questions bearing on the pretrial plea decision confronting him. This claim is unsupported by the record.

For instance, to Appellant's alleged concerns about the possibility of pleading guilty only to have the trial court alter the agreed-upon sentence, we

reject such concerns as unreasonable and frivolous given the trial court's unqualified advisement to Appellant of how advantageous the negotiated, downward departure sentence would be compared to a post-verdict sentence for IDSI that would likely reside, at best, in the standard range of 54 to 72 months and possibly run consecutively to other sentences. The only reasonable inference to be drawn from the trial court's guidance at the threshold of trial was that it both endorsed the negotiated plea deal and intended to accept it as entered by the parties. Appellant's suggestion otherwise is frivolous and, thus, lacks arguable merit.

Moreover, if Appellant harbored any questions or uncertainties about the notification he received regarding his 25-year SORNA registration requirement, he never informed the trial court or trial counsel on the record. Instead, when asked by the trial court, "Do you understand the offer that was made to you by the Commonwealth?", he responded, "Yes, ma'am." N.T. at 9. While Appellant told the trial court that he and trial counsel were still discussing the 11 ½ to 23-month prison term aspect of the proposed deal, there is no indication that he was uncertain about his 25-year registration requirement. Indeed, there was ample time in that moment for Appellant to have clarified with trial counsel and the trial court any additional questions pertaining to his registration requirement, but he never broached the subject. Under this record, Appellant again fails to show arguable merit to his claim of ineffective assistance of trial counsel with respect to his decision to forgo

pleading guilty, and we may rely on this basis alone to deny his ineffectiveness claim.

Furthermore, regarding the prejudice prong of the ineffectiveness claim, we observe that Appellant never demonstrated a willingness to accept the plea offer, even after trial counsel, the Commonwealth, and the trial court unanimously described the offer as a very generous one. Even if we were to assume *arguendo* that trial counsel was deficient in her performance by not foreseeing Appellant may have had more granular questions about how his 25-year registration requirements would apply in Tennessee if he elected to remain there after completing this and other sentences in that state's correctional facility, Appellant has not asserted, let alone established, that there was a reasonable probability he would have accepted the plea offer upon receiving the information.

Specifically, Appellant fails to explain how such details would have affected his decision when he appeared resolute in his opposition to pleading guilty because it would require him to register as a sex offender for twenty-five years. On Appellant's unwillingness to accept the plea offer, the PCRA court, acting in its role as sole finder of fact, found trial counsel's testimony credible and Appellant's testimony incredible. Therefore, we find Appellant fails to satisfy the prejudice prong of his ineffective claim as well.

Accordingly, we conclude that Appellant is entitled to no relief on his ineffective assistance of counsel claim.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

5/20/2024